FRANKLIN MOORE AND HENRY COWING *v.* PERRY W. ELDRED.

*Trover.   Conversion.*

A knew, or had good reason to believe, that B had certain cattle in his possession wrongfully, and was not the rightful owner thereof, and co-operated with C by advising him· and furnishing him means for the purpose and with the intent of having C purchase and kill them, and thus put them beyond the reach of the' rightful owner, and C was thereby induced to and did buy, slaughter and dispose of them. *Held*, that A was liable in trover to the rightful owner.

TROVER for cattle. Plea, not guilty. Trial by jury, September term, 1868, BARRETT, J., presiding.

It appeared that said cattle, early in September, 1866, were stolen from a pasture in Dover, by three thieves, and driven to Hoosac, in the state of New York, to the defendant's tavern, and that the same were, taken the next day from said tavern by Risley, a butcher, and slaughtered for beef.

The evidence in the case rendered it legitimate to claim in behalf of the plaintiffs, and the counsel did claim and argue to the jury that they should find either,

"1st. That the defendant bought the cattle of the thieves and sold them to Risley; or

2d. That the defendant knew, or had good reason to believe, that the cattle had been stolen, and he aided and abetted the thieves in disposing of the cattle and placing them beyond the reach of the real owners, and thereby the plaintiffs have lost their said cattle; or,

3d. That the defendant knew, or had good reason to believe, that the said persons, who brought said cattle to his tavern, had them wrongfully in their possession, and were not the rightful owners, and he co-operated with Risley by advising him and furnishing means for the purpose and with the intent of having him

purchase of. the thieves and kill the cattle, and thus put them be-yond the reach of the parties entitled; and that Risley was thereby induced to and did buy them of the thieves, and kill and dispose of them, and so the plaintiffs were prevented and unable to regain said cattle."

The court held and charged the jury that, if they should find either of the three claims to be true, the plaintiffs would be enti-tled to recover the value of said cattle. To the charge upon the third proposition the defendant excepted. Verdict for the plaintiffs.

*Hoyt H. Wheeler*, for the defendant.

*Charles N. Davenport*, for the plaintiffs.

The opinion of the court was delivered by

PROUT, J. These exceptions present a question arising upon the third proposition submitted to the jury by the court. It in-volves the legal effect of either knowledge on the part of the de-fendant, or that he had good reason to believe, that the persons who brought the cattle in question to the defendant and proposed to sell them, were wrongfully in their possession and did not own them; that the defendant co-operated with Risley who purchased them, by advising and furnishing him the means for that purpose, with the intent on the part of the defendant of depriving the plaintiffs, who were the rightful owners, of their property; and the further fact, that Risley was thereby induced and did buy, slaughter, and dispose of them. The court instructed the jury, that if they found these facts, the plaintiffs were entitled to recover. The jury did find them, and their legal effect, as bearing upon the case, is to be considered together and in combination. Thus con-nected, in view of the defendant's purpose, he is as culpable as Risley. Not only this: he actively co-operated with Risley in making the purchase—advised it and furnished the means, by which his purpose was accomplished to the plaintiffs' injury by the destruction of their property. This, in our opinion, is such an interference with the plaintiffs' property and in its wrongful con-

version, by the defendant, as renders him liable in this action. The judgment of the county court is affirmed.