## NEWTON BOUTWELL *v.* A. C. HARRIMAN AND ANOTHER.

*Trover. Trespass. Damages. Certified or Body Execution.*

The defendant, as agent of W., who had a mortgage in process of foreclosure on the farm occupied by the plaintiff, harvested and threshed the oats in contention, leaving them in the plaintiff's possession. W. supposed that her agent L. had purchased the oats for her and, on taking possession of the farm, the oats were consumed by her stock. But the court found that there was no sale; *Held,* that trover would lie; that the measure of damages was the value of the oats, less the expense of harvesting, etc.; and that a certified execution was properly issued.

TROVER with count in trespass. Plea, general issue. Trial by court, April Term, 1885, POWERS, J., presiding. Judgment for plaintiff against defendant, Harriman; and for defendant, Wiswell, to recover his costs.

It appeared that the wife of defendant Wiswell was the sole owner of a mortgage secured on the plaintiff's farm; that she had obtained a decree of foreclosure, and that the time of redemption expired October 1, 1880; that in July, 1880, Mr. Lamson, acting under authority from Mrs. Wiswell attempted to get possession of the farm, but did not succeed in doing so. The defendant's evidence tended to show that Lamson in behalf of Mrs. Wiswell bought the oats; but the defendant's evidence tended to show that there was no purchase of the oats.

The latter part of August the defendant Harriman, acting under the directions of Lamson, entered upon the farm and cut and drew into the barns on the farm, the oats in question, and soon after and before October 1, 1880, threshed the same and put the oats in the grain bin in the barn and in a chamber in the house, on said farm.

Harriman informed the plaintiff, upon his inquiry, that

he was directed by Lamson to cut the oats, and plaintiff believing that Mrs. Wiswell had concluded to take the growing crops as Lamson had expressed the belief she would do, made no objection to cutting or threshing the same by said Harriman, nor did he give any consent thereto. The oats and straw were afterwards consumed by Mrs. Wiswell's stock placed on said farm after the plaintiff left the same.

Mrs. Wiswell, relying upon Lamson's reported purchase of the oats, honestly believed the oats belonged to her, but the court found the fact that no sale of the oats had ever been made; that at most, only a proposed sale was talked about, and thus the entry by Harriman was wrongful as against the plaintiff.

When the plaintiff left the farm he left the oats, and his corn and potatoes, on the farm, still expecting that the promised purchase of the same would soon be accomplished.

The defendant Harriman did nothing more with the oats, after storing them as aforesaid, and had no benefit from them, and was paid for his work by Mrs. Wiswell.

The defendant claimed that Harriman was not liable under either count, and in no event for more than nominal damages; but the court ruled otherwise, and rendered judgment for the plaintiff against said Harriman for the value of the straw and oats, less the expense of harvesting and threshing the same, to which the defendant Harriman excepted.

The court on motion, granted a certified execution against said Harriman, to which he excepted.

*P. K. Gleed,* for the plaintiff.

*J. P. Lamson,* for the defendant.

The opinion of the court was delivered by

Royce, Ch. J. The entry of the defendant upon the premises where the oats were, and the cutting and threshing them, was a trespass. What was done by the defend-

ant was an exercise of dominion over them which was inconsistent with the right of the owner. Their quality was changed, and the evident intention was to appropriate them to the use of a third person; those acts were a conversion of the property. The oats and straw were left in the possession of the plaintiff, but they were not appropriated to his use, and were consumed by stock which Mrs. Wiswell put upon the farm after the plaintiff left it.

The defendant claims that the plaintiff is only entitled to recover nominal damages. The general rule is, that where property has been converted the owner is entitled to recover the value of it at the time of the conversion; but where, after the conversion, the property has been received back, or has come to the use of the previous owner, such facts are considered in mitigation of damages. Here the property was not received back, and did not come to the use of the previous owner. He was as effectually deprived of his property as he would have been if the defendant had removed it from his possession and destroyed, or otherwise disposed of it.

There was no error in the judgment in the matter of damages; neither do we perceive any error in the granting of a certified execution. See *Whiting* v. *Dow*, 42 Vt. 262; *Hill* v. *Cox*, 54 Vt. 627.

The judgment is affirmed.