## HARVEY W. RICKER *v*. HENRY W. ADAMS.

*Partnership Debt Extinguished by the Note of One Partner.*
*Fraud. Rescission. Affirmance.*

When a creditor, after the dissolution of a partnership, accepts a promissory note of one of the partners in full payment of his account against the firm, the original indebtedness is extinguished; but the agreement under which the note is accepted may be, within a reasonable time, rescinded for fraud or misrepresentation, like other contracts, by placing the other party *in statu quo;* but suing the note and attempting to enforce it by all legal remedies is an affirmance, and no action can be maintained upon the account.

BOOK ACCOUNT. Heard on an auditor's report, June Term, 1885, Orange County, ROWELL, J., presiding. Judgment for the defendant.

In April, 1883, the defendant and one Durant were and had been for a long time partners under the firm name of Durant & Adams. The firm was dissolved April 26th, said Durant receiving all the partnership property and agreeing to pay all the debts against the firm. Adams executed a quit-claim deed of his interest to Durant, and Durant executed a mortgage of all the real estate owned by the firm to Adams, one condition of which was that Durant should pay all the partnership debts. The plaintiff had an account against the said firm, and on April 30, 1883, accepted said Durant's note in payment of the same. The auditor found :

" From all the evidence in the case bearing upon that question the auditor finds that said note was given in payment of the balance due on said account, and that it was accepted by the plaintiff in payment of the same, and it was so understood by the parties at the time ; but the auditor finds that at the time said note was thus given and accepted, the plaintiff understood, and had a right to understand from what defendant then told him, that said mortgage from said Durant to the defendant was to secure the defendant and all the creditors of the

Ricker *v.* Adams.

firm of Durant & Adams, including the plaintiff, and that said Durant could not dispose of said mortgaged property until all said creditors were paid. And the plaintiff accepted said note in payment as aforesaid, with the understanding that his debt was thus protected.

" At that time the plaintiff had never seen said mortgage, and knew nothing about it or its provisions in fact, although the same was before that time on record, as before stated, except what defendant then told him. There was no intentional fraud or misrepresentation on the part of the defendant."

*Ide & Stafford,* for the plaintiff.

It was not necessary for the plaintiff to surrender the note to the defendant before bringing suit. It is enough that it had never been negotiated and was produced at the trial. *Street* v. *Hall,* 29 Vt. 165 ; *Tozier* v. *Crafts,* 123 Mass., 480.

*Smith* v. *Sloan,* for the defendant.

The contract was absolute until disaffirmed or rescinded by the parties ; and the rule of law applies, that if one party wishes to disaffirm a contract he must do so at once, and put the other party *in statu quo;* and if he chooses to ratify it, it is forever affirmed, *Downer* v. *Smith,* 32 Vt. 1 ; 1 Add. Con. 451. The contract was affirmed. *Esterbrook* v. *Sweet,* 116 Mass. 303 ; *Coolidge* v. *Brigham,* 1 Met. 547.

The opinion of the court was delivered by

POWERS, J.   The auditor's report shows that the plaintiff accepted Durant's note in full payment of his account against the firm of Durant & Adams. In this State a promissory note, either of the debtor or a third person, given in settlement of an account or previous debt, is *presumtively* a payment of such previous indebtedness. *Hutchins* v. *Olcutt,* 4 Vt. 549. If the parties agree that such note shall be a payment, it is manifest that the original indebtedness forming the consideration is extinguished, and no right of action thereon remains.

Ricker *v.* Adams.

But if such agreement is induced by fraud or misrepresentation, it stands like other contracts, and may be rescinded by the holder of the note in a reasonable time on placing the other contracting party in the condition he was in when the agreement was made.

Assuming, but not deciding, that the case shows such deceit by the defendant in the note transaction as amounts to legal fraud, we think the plaintiff has lost his right to rescind the agreement under which he accepted Durant's note in full payment of the account now sued for. After the plaintiff discovered the defendant's fraud in making the agreement he took no steps to repudiate the agreement under which he took the note, but brought the suit upon it and attached Durant's property, and (Durant having meantime died) presented the note for allowance before the commissioners upon his estate, and the same was allowed, and such allowance was confirmed by the Probate Court. The plaintiff then had obtained a valid judgment against Durant's estate, on which he is entitled to receive such dividend as the estate may pay.

He cannot put the defendant *in statu quo*. If he returns the note he still retains this judgment. Before bringing suit upon the note the plaintiff knew the condition of the mortgage deed which indemnified the defendant against liability to the plaintiff, among others, for the firm indebtedness, and without notice to the defendant of any purpose to repudiate the note, he deals with it as his own, and seeks by all legal remedies to enforce it.

The facts reported clearly show no purpose to rescind, but an active and unmistakable purpose to affirm, the agreement under which the note was executed. *Downer* v. *Smith*, 32 Vt. 1, and cases *passim*.

This holding renders it unnecessary to notice the other points made in argument.

Judgment affirmed.