## ANDREW J. MORSE *vs.* EDWIN BRUCE'S ESTATE.

January Term, 1898.

Present: ROWELL, MUNSON, START and THOMPSON, JJ.

*Evidence—Presumption that One Does His Duty—Tax Inventory as Admission.*

The question being whether an accountable receipt that the plaintiff held against the intestate was paid, as the defendant claimed, by applying the amount of it on a promissory note that the intestate held against the plaintiff, it was not error to exclude evidence of computations supportive of the claim, the witnesses having testified fully to the data upon which the computations were based.

If the intestate had owed the plaintiff, as the latter now claims, it would have been the plaintiff's duty to include the debt in his tax inventory, and the presumption is that he would have performed this duty; hence his omission to include it is evidence that the intestate did not owe him.

It made no difference with the plaintiff's duty in this respect that he owed the defendant upon an independent claim more than the defendant owed him upon the one in question, for the taxpayer is not at liberty to thus strike balances.

ASSUMPSIT. Trial by jury, at the September Term, 1896, Washington County, *Taft*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

In 1882, Morse executed to Bruce, the intestate, a note for eight hundred dollars, and a mortgage upon land to secure it. In 1888, Morse and Bruce together conveyed some of the timber upon the mortgaged premises for a consideration of six hundred and fifteen dollars, part in money and the rest in promissory notes payable to Bruce, and Bruce signed and delivered to Morse a writing in the words, "Received of Andrew J. Morse $615."

The eight hundred dollar note bore the following indorsement: "December 29, 1888. Due on the within note five hundred and twenty-four dollars." The defendant claimed that this amount was reached by applying the six hundred

and fifteen dollars. But the note, when produced in evidence by the plaintiff, disclosed three prior indorsements, aggregating over five hundred and fifty dollars, which were in the plaintiff's hand, and which the defendant claimed had been made fraudulently since the indorsement of the amount found due. The note bore a subsequent indorsement, and then a memorandum as follows: "Due on note $215.12. Paid this note June 20, 1894." The defendant claimed that this balance was paid by the plaintiff in money, while the plaintiff claimed that it was paid by applying it upon the receipt, no part of which, he said, had ever been paid before, and the receipt was so indorsed. This action was upon the receipt.

Witnesses for the defendant testified to examining and computing the note, later than the dates of the disputed indorsements, when none such were upon the note, and stated exactly what the indorsements then were; but they were not permitted to testify to the results of their computations.

*J. P. Lamson* for the defendant.

*S. C. Shurtleff* for the plaintiff.

ROWELL, J. The question being whether an accountable receipt that the plaintiff held against the intestate was paid, as the defendant claimed, by applying the amount of it on a promissory note that the intestate held against the plaintiff, it was not error to exclude evidence of computations supportive of the claim, the witnesses having testified fully to the data upon which the computations were based. This was not the exclusion of relevant facts, but only of arithmetical reckonings that the jury could make as well as the witnesses.

On December 29, 1888, which was less than two months after said receipt was given, the plaintiff and the intestate signed a statement on the back of said note that there was due thereon the sum of $524. The defendant claimed that

the full amount of said receipt was then applied, though not indorsed, on said note, which reduced it to that sum. To support its claim of payment, the defendant offered to show that the plaintiff never included said receipt in his tax inventory, but had sworn off his property. It was error to exclude this. If the receipt was not paid, it was the statutory duty of the plaintiff to include it in his inventory; and if he did not, it was evidence against him tending to show payment, for the presumption is that he would have included it had it not been paid, as otherwise he would have been guilty of a culpable neglect of legal duty. *Stevenson* v. *Gunning's Estate*, 64 Vt. 601. "The presumption that every man has conformed to the law shall stand till something appears to shake that presumption." Lord Ellenborough, C. J., in *The King* v. *Hawkins*, 10 East 211, 214. It is said in *Hartwell* v. *Root*, 19 Johns. 345, that when one is required to do an act, the omission of which would make him guilty of a culpable neglect of duty, it ought to be intended that he has duly performed it, unless the contrary appears. Judge Story says in *Bank of the United States* v. *Dandridge*, 12 Wheat. 64, 69, that the presumption is that every man, in his private and official character, does his duty, until the contrary is proved." See 1 Phil. Ev., 5th Am. Ed., *606.

It made no difference with the plaintiff's duty that he owed the intestate all the time more than was due to him on the receipt, as claimed by his counsel. A taxpayer is not at liberty to strike balances between independent debts and credits and include those balances in his inventory or not as he finds them to be for or against him. Such a course would be contrary to the requirement of the statute, and incompatible with its efficient administration.

*Judgment reversed and cause remanded.*