CLARENCE G. LATHROP *v.* HENRY C. LAWSON.

May Term, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed May 25, 1923.

*On Defendant's Motion for a Directed Verdict, Evidence Viewed Most Favorably to Plaintiff—Trover and Conversion—Demand—Essentials to the Release of An Attachment—Jury Question—Immaterial Evidence.*

1.  In determining whether defendant's motion for a directed verdict was properly granted, the evidence must be viewed most favorably to the plaintiff.
2.  In an action of trover, a demand and refusal are only essential when the party might have delivered the property if he would, hence, where the property has been sold by the defendant, or by some other person for him, thereby making it impossible for defendant to comply with a demand if made, a demand is unnecessary.

3. A release of an attachment on property requires the actual relinquishment of all future claim to the property and the proceeds thereof.

4. An arrangement whereby a deputy sheriff permitted property to be sold and the proceeds substituted in lieu of the property, would not constitute such a release as would defeat a recovery against the officer in an action of trover.

5. Where an officer, against whom an action of trover had been brought for the conversion of a horse, claimed in defense that he had released the attachment before the property was sold, and the evidence was such as to support an inference that he had merely permitted it to be sold and received the proceeds of the sale to be substituted in lieu of the property, the question of whether the attachment had in fact been released was for the jury.

6. Where property of plaintiff had been wrongfully attached, in an action of trover for its conversion against the attaching officer, it was immaterial that plaintiff's mother had consented to the sale of the property, in the absence of evidence tending to show that she represented her son.

ACTION OF TORT for the conversion of a horse. Plea, general denial. Trial by jury at the December Term, 1922, Addison County, *Willcox*, J., presiding. On defendant's motion, at the close of plaintiff's evidence, the court directed a verdict for the defendant. The plaintiff excepted. The opinion states the case. *Reversed and remanded.*

*Charles I. Button* and *Allen R. Sturtevant* for the plaintiff.

A receipt of the proceeds of goods, wrongfully converted by a third person, in accordance with a prior agreement with the person receiving such proceeds relating to the act of conversion, renders such person liable in trover. *Johnson* v. *Powers,* 40 Vt. 611; 38 Cyc. 2025, § 3; *Moore* v. *Eldred,* 42 Vt. 13.

Any sale, not authorized by law or the consent of the owner, which deprives him of personal property, is an actionable conversion. 38 Cyc. 2026, § 3, note 43; *Church* v. *McLeod,* 58 Vt. 541; *Burnham* v. *Marshall,* 56 Vt. 365.

*Robert E. Susena* for the defendant.

The mere assertion of ownership in the property of another, without more, is not evidence of a conversion. *Lowrey* v. *Walker,* 4 Vt. 76; *Irish* v. *Cloyes,* 8 Vt. 30; *Knapp & Worden* v. *Winchester,* 11 Vt. 351; *Yale* v. *Sanders,* 16 Vt. 243; *Abbott* v. *Kimball,* 19 Vt. 551; *Nutt* v. *Wheeler,* 30 Vt. 437; *Buck* v. *Ashley,* 37 Vt. 475; *Bucklin* v. *Beals,* 38 Vt. 653; *Clark* v. *Smith,* 52 Vt. 529; *Crampton* v. *Valido Marble Co.,* 60 Vt. 291; *Locklin* v. *Davis,* 71 Vt. 321.

SLACK, J. The action is tort, in the form of trover, for the conversion of a bay horse. Trial was had by jury. At the close of all the evidence, the defendant moved for a directed verdict on the ground, among others, that the evidence failed to show a conversion, by the defendant, of the horse in question. The court so held, and directed a verdict for the defendant and rendered judgment thereon, to all of which the plaintiff excepted.

[1] In determining whether the motion was properly granted, the evidence must be considered in the light most favorable to the plaintiff. *Sargent* v. *Donahue,* 94 Vt. 271, 110 Atl. 442; *Bass* v. *Rublee,* 76 Vt. 395, 57 Atl. 965.

The evidence tended to show that the plaintiff owned the horse; that pursuant to an arrangement between him and H. M. Farnham & Son, of Montpelier, Vermont, he took the horse to their sales stable in Montpelier, on, or about, May 23, 1922, to be sold at auction the following Friday; that before the day of the auction, the defendant, acting as deputy sheriff, attached the horse as the property of one W. N. Lathrop, father of this plaintiff, in two suits against the said W. N. Lathrop, returnable before the Montpelier City Court, June 26th following; that defendant attached the horse by taking possession of it, and immediately placed it in the care and custody of H. M. Farnham as keeper; that plaintiff first learned of the attachment the day the horse was to have been sold, through Farnham & Son, who told him that it had been attached and could not be sold; that he heard nothing more concerning the matter until he received information by way of a letter addressed to his attorney by the attorney for the attaching creditors that the horse had been sold; that it was, in fact, sold by Farnham & Son on June 2 or 3, and

the proceeds were turned over to this defendant, and he paid the same to the attorney for the attaching creditors; that prior to the sale Mrs. Lathrop, the wife of W. N. Lathrop, the defendant, and the attorney for the attaching creditors, met at said attorney's office, and after some conversation between Mrs. Lathrop and said attorney, the latter called H. M. Farnham to his office and directed him to sell the horse and turn the proceeds over to this defendant. The defendant testified that this disposition of the matter was agreed to by said attorney and Mrs. Lathrop. This was stoutly denied by her. The defendant also testified that as a result of that agreement he released the attachment on the horse, although he admitted that the proceeds of the sale were to be, and in fact were, turned over to him "to hold until the final disposition of these cases." (Meaning the cases in which the horse was attached.) He later testified as follows: "A. I understood that the horse was to be sold and that the proceeds were to be turned over to me to hold. * * * * Q. You didn't release the attachment until Mr. Farnham agreed to do that either? A. Until he agreed to turn the money over to me? Q. Yes. A. Why I couldn't say as to that, I know it was all talked over there about the whole situation." There was no evidence tending to show a demand for the property prior to the bringing of this suit.

The defendant now claims that the motion was properly granted because: (1) There was no evidence tending to show a demand by the plaintiff; and, (2) the evidence showed conclusively that defendant released the attachments before the horse was sold by Farnham & Son.

[2] A demand and refusal are only necessary when the party might have delivered the property if he would, and are never essential to a recovery when the conversion is otherwise established. *Crampton* v. *Valido Marble Co.*, 60 Vt. 291, 15 Atl. 153, 1 L. R. A. 120. If the defendant had sold the horse, thereby making it impossible for him to comply with a demand, no demand would have been necessary in order to maintain trover. So, too, the sale by the keeper, Farnham, if made pursuant to an agreement between him and the defendant, or between him and another, to which the defendant assented, whereby the property was to be sold and the proceeds turned over to the defendant

to hold in lieu of the property, constituted a conversion by the latter, and no demand was necessary.

[3-5]   The defendant claims that he is not liable in this action because he says that he released the attachments before the horse was sold by Farnham & Son.   Whether he released the attachments, depends upon what he in fact did, whether he actually relinquished all future claim to the property, and the proceeds thereof, or merely permitted it to be sold and the proceeds substituted in lieu of the property.   An arrangement of the latter kind would not constitute a release, that would defeat a recovery in this suit.   And this is what the evidence, taken as a whole, tended to show took place, or, at least, the evidence fairly warranted the inference that such was the real situation. This being so, the question of whether the attachments had in fact been released, should have been submitted to the jury under proper instructions.

[6]   Whether Mrs. Lathrop assented to the sale is immaterial, since it did not appear, nor was it claimed, that in what she did, she represented the plaintiff.

*Judgment reversed and cause remanded.*