ANDREW F. HILL v. A. J. BEDELL ET AL.

May Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 7, 1924.

*Chattel Mortgages—Conversion by Mortgagor Shown Where Property Disposed of at His Instigation or If He Aided Therein or Benefited Thereby—Effect of Tacit Consent of Mortgagor to Disposition of Property Placing It Beyond Reach of Mortgagee—Facts Showing Assent to Conversion —When Demand for Return of Property Unnecessary— Burden of Showing Prejudicial Error on Person Alleging Error—Prejudicial Error Not Shown.*    °

1.  In action of tort against mortgagor for conversion of mortgaged property, evidence that defendant personally sold or disposed of the property is not necessary to sustain the action, it being sufficient if it was disposed of at his instigation, or if he aided therein or benefited thereby.

2.  A mortgagor of personal property who assents, though only tacitly, to a disposition of it which he knew placed it beyond the reach of the mortgagee, thereby aids and assists in such disposal.

3.  Evidence *held* to justify inference that mortgagor assented to, or sanctioned, conversion of mortgaged property.

4.  Where mortgaged property had been disposed of prior to claimed demand therefor by mortgagee, and refusal by mortgagor of such demand, it was not necessary, in action for conversion of the property, to show a demand and refusal, such showing only being required when person has it in his power to comply with a demand.

5.  He who alleges error has the burden of showing that he has been prejudiced thereby.

6.  In mortgagee's action against mortgagors for conversion of mortgaged property, where jury were instructed to first find what property described in the mortgage, if any, had been converted by the defendants, and then ascertain value of such property, at the time of conversion, exception to the court's

charge in submitting to jury value of a buggy and mowing
machine, included in mortgage but not specifically mentioned
by court, on the ground that there was no evidence to show
value of either, did not show prejudicial error, it not being
made to appear that the general verdict for a lump sum in-
cluded such articles.

ACTION OF TORT for conversion of mortgaged property.
Plea, general issue.   Trial by jury at the September Term,
1922, Orleans County, *Willcox,* J., presiding.   Verdict and
judgment for the plaintiff.   The defendants excepted.   The
opinion states the case.  *Affirmed.*

*Porter, Witters & Longmoore* for the defendants.

*Dutton & Morse* for the plaintiff.

SLACK, J.   The action is tort for the alleged conversion of
certain personal property which the defendants had previously
mortgaged to the plaintiff.   The plaintiff had a verdict and
judgment below, and the case is here on defendants' exceptions.

At the close of all the evidence, the defendant, A. J.
Bedell, Jr., moved for a directed verdict as to him on the ground
that the case "was barren" of evidence that he sold, disposed
of, or otherwise converted the property, which motion was
denied and he had an exception.

[1-3]   While there was no evidence that he, himself,
actually sold or disposed of any of the property, that was not
necessary to charge him with liability.   If it was disposed of
at his instigation, or if he aided or assisted therein (*Moore*
v. *Eldred,* 42 Vt. 13; *Clark* v. *Whitaker,* 19 Conn. 319, 48
A. D. 160; *D. M. Osborne & Co.* v. *Plano Mfg. Co.,* 51 Neb.
202, 70 N. W. 1124), or benefited thereby (*Western Union*
*Tel. Co.* v. *Franklin Construction Co.,* 70 N. H. 37, 47 Atl.
616), he was guilty.   If he assented, though only tacitly, to
a disposition of it which he knew placed it beyond the reach
of the mortgagee, he did aid and assist in such disposal.   That
he, at least, assented to a disposal of all, or the major part,
of it the evidence clearly tended to show.   It tended to show
that he was a part owner of the property; that when the
mortgage was given, and during all the time it was outstand-

ing, he resided with his father, the other defendant, on the latter's farm where the property was kept; that he helped about carrying on the farm, taking care of the stock, milking, etc.; that the milk from the mortgaged cows went to the creamery in his name, and that he bought and sold other cows that were kept on the farm and commingled with those covered by the mortgage. This was sufficient to justify the jury in finding that he assented to, or sanctioned, the conversion. Hence, the motion was properly denied.

[4-6] The evidence of both the plaintiff and the officer who foreclosed the mortgage tended to show that on a certain occasion the latter made a demand of the property on both defendants and, also, a refusal by both to deliver. On cross-examination, the plaintiff testified that he did not hear any conversation on that occasion between the officer and the defendant, A. J. Bedell, Jr., and the officer testified that he had no recollection of any conversation between him and that defendant at that time. The court charged the jury, in substance, that if they believed from the evidence that the officer said to both defendants what the plaintiff's evidence tended to show that he did, and the defendants understood that a delivery of the property was demanded, the officer made such a demand as the law required; and that if the defendants said anything on that occasion which they intended the officer to understand to be a refusal to comply with such demand the jury might treat such refusal as evidence of a conversion. This part of the charge was excepted to by the defendant, A. J. Bedell, Jr., on the ground that the evidence showed that the officer never had made any demand on him or had any conversation with him showing a demand and refusal. Assuming, but not deciding, that the charge was faulty in the particular complained of, it cannot avail this defendant, because it appeared from his own testimony which was undisputed, that the property here in controversy had been disposed of previous to the claimed demand and refusal, which made a demand and refusal unnecessary. It is only when a person has it in his power to comply with a demand that a demand and refusal must be shown. *Lathrop* v. *Lawson*, 96 Vt. 513, 121 Atl. 438; *Crampton* v. *Valido Marble Co.*, 60 Vt. 291, 15 Atl. 153, 1 L. R. A. 120. And the court so instructed the jury.

Both defendants excepted to the charge of the court in

submitting to the jury the value of the Concord buggy and the mowing machine on the ground that there was no evidence tending to show the value of either. These articles were not specifically mentioned by the court, but the jury was properly instructed to first find what of the property described in the mortgage, if any, had been converted by the defendants, and then ascertain the value of such property at the time of its conversion. The verdict was a general one, for a lump sum. Whether that sum included the value of these articles does not appear, and this Court will not assume that it did for the purpose of finding reversible error. What is required of an exceptant, if he would avail himself of error under our present practice, seems frequently to be lost sight of. The rule formerly was that a reversal followed unless it clearly appeared that the error was harmless. See *Wilson* v. *Blake,* 53 Vt. 305; *Johnson* v. *Cate,* 75 Vt. 100, 53 Atl. 329. Under the present rule, which is manifestly the better one, he who alleges error has the burden of showing that he has been prejudiced thereby. Supreme Court rule 7; *State* v. *Williams,* 94 Vt. 423, 431, 111 Atl. 701, and cases there cited. This the defendants have failed to do, since they have not made it appear that the verdict included these articles.

*Judgment affirmed.*