AZRO A. REED v. MARTIN C. ROWELL.

May Term, 1926.

Present: POWERS, SLACK, and FISH, JJ., and GRAHAM; Supr. J.

Opinion filed October 16, 1926.

*Sales—Effect of Provision in Conditional Sale Permitting Re-sale if Proceeds Applied to Indebtedness—Retention of Proceeds of Re-sale by Conditional Sale Buyer—Immaterial Evidence—Damages for Conversion of Property Sold Conditionally—Close Jail Certificate and Execution.*

1. As between parties to conditional sale, where seller gave buyer right to sell property upon condition that proceeds thereof should forthwith be applied on conditional sale note, such condition is binding, and compliance therewith is necessary to justify and validate sale.

2. Where property was sold conditionally, but seller gave buyer permission to sell property upon condition that proceeds thereof should forthwith be applied on conditional sale note, such license was contractual in character and bilateral, and failure of buyer to perform such condition by turning over proceeds of sale placed him in position of one who had sold without permission.

3. In action of tort for wrongful sale of certain cows *sold* conditionally, exclusion of evidence that plaintiff did not include conditional sale note in his tax inventory, to show that he

did not regard it as of any particular value *held* proper, since what plaintiff thought about its value was immaterial.

4. When seller under conditional sale sues conditional buyer in tort for conversion, measure of damages is amount of debt unpaid, not exceeding value of property.

5. Where conditional sale buyer having permission of seller to sell property providing proceeds were forthwith applied on conditional sale note, violated such condition, and, without conditional seller's consent, retained proceeds of sale, such action was in deliberate disregard of plaintiff's rights and fully warranted finding in close jail certificate and granting of close jail execution.

ACTION OF TORT for the wrongful sale of certain cows sold conditionally. Plea, general denial and statement of facts relied upon in defense. Trial by court in vacation subsequent to June Term, 1925, Orange County, *Moulton, J.,* presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*Theriault & Hunt* for the defendant.

*March M. Wilson* and *Stanley C. Wilson* for the plaintiff.

POWERS, J. This is a tort action for the wrongful sale of certain cows on which the plaintiff held security. The trial below was by court, and judgment was for the plaintiff. The defendant alleges error.

It appears from the findings that the plaintiff sold the defendant twenty-one head of cattle, taking therefor a conditional sale note for $1,240, which represented the full purchase price, and was duly recorded. The defendant was a cattle dealer and bought these cows for re-sale—as the plaintiff well knew; and the plaintiff consented to such re-sale on condition that the avails be forthwith applied on the note. The defendant sold ten of the cows for $800, and at his request, the plaintiff consented that he should use this money in buying other cows. Afterwards, the defendant sold the other cows covered by the lien note, for sums aggregating $625.50.

When the plaintiff consented to the defendant's use of the $800, he agreed to wait for it until October 1; the defendant did

not pay it then, but in November, on plaintiff's demand, he paid $300, and a few days later, he paid $500. Most of this money came from cows covered by the plaintiff's lien, but he did not know it, and it was paid and received as the avails of the ten cows first sold as above stated. When it was paid, the plaintiff did not know that any other cows had been sold. In these circumstances, it avails the defendant nothing that the plaintiff in fact received the money obtained by the defendant for the cows sold after the ten cows went.

[1, 2]   That an unconditional license to sell mortgaged personalty operates as a waiver of the security so far as the purchaser is concerned, is well established. *Rogers* v. *Whitney,* 91 Vt. 79, 82, 99 Atl. 419, and cases cited; and though such license be conditioned that the mortgagor or conditional vendee turn the proceeds over to the security-holder, the purchaser gets good title, whether the seller fulfills his agreement or not. *Ufford* v. *Winchester,* 69 Vt. 542, 544, 38 Atl. 239. But as between the parties to a conditional license like the one here invoked, the rule is and should be that the condition is binding, and compliance therewith is necessary to justify and validate the sale. *St. Louis Drug Co.* v. *Robinson,* 81 Mo. 18, 24. See, also, *Oklahoma Cattle Loan Co.* v. *Wright,* (Mo. App.), 268 S. W. 712, 714. It was this very distinction which this Court had in mind, when in *Armington* v. *Houston,* 38 Vt. 448, 452, 91 A. D. 366, it said *arguendo,* that: "Where property is sold upon a condition that the title is not to pass until payment, but upon the understanding that it is to be sold by the buyer in the ordinary course of his business, the seller would be estopped from asserting any right to it adverse to the right of one who should purchase it in good faith and without notice of the condition; but, as between the original parties, we think that the right to the propery should be determined according to their intention and contract." Any other conclusion would be plainly unjust. What this defendant seeks to avail himself of is a parol license; but such license was subject to a condition which the defendant has failed to perform, and which he seeks to repudiate. Such a license is contractual in character; it is bilateral. One cannot secure its benefits unless he abides all its terms. He cannot avail himself of a part of his agreement and repudiate the rest. This defendant's right to sell the cows in question depended upon his performance of the condition attached to the plaintiff's permission; and having

failed to so perform, the defendant stands as one who sold without permission. *St. Louis Drug Co. v. Robinson, supra.*

[3]   For the purpose of showing that the plaintiff did not regard the note as of any particular value, the defendant offered to show that the former did not include it in his tax inventory. The offer was excluded and the defendant excepted. The ruling was without error. What the plaintiff thought about the value of the note was immaterial. The issue here was not the ownership of the property as in *Jaquith Co. v. Shumway's Estate,* 80 Vt. 556, 69 Atl. 157, nor its payment as in *Morse v. Bruce's Estate,* 70 Vt. 378, 40 Atl. 1034. It may be granted that it was the plaintiff's duty to list the note for taxes, but his failure to do so had no probative value in the case on trial.

The defendant insists that the findings and judgment are not warranted by the allegations of the complaint. But the facts relied upon are set forth, and the allegation that the sale was without the plaintiff's consent is well enough, since such was the legal effect of what was said, done, and omitted.

Nor do we find any substance in the exceptions to the findings. The transcript discloses a sufficient basis for all those criticized by the defendant.

[4]   The court below made no mistake in the assessment of damages. As when a conditional vendee sues the vendor for a conversion of the property the measure of damages is the value of the property converted less the amount unpaid on the purchased price (*Clark v. Clement,* 75 Vt. 417, 420, 56 Atl. 94), so when the vendor sues the conditional vendee, the measure is the amount of the debt unpaid, not exceeding the value of the property. *Howe v. Bartlett,* 8 Allen (Mass.) 20; *Hodges v. Westmoreland,* 209 Ala. 498, 96 So. 573, 575; *Parish v. Wheeler,* 22 N. Y. 494; *Conwell v. Jeger,* 21 Ind. App. 110, 51 N. E. 733, 735. In either case, it is the value of the plaintiff's interest,—to the extent of the value of the property. The value of the cows here converted was $625.50; the amount due the plaintiff on the lien note was $544.95. Judgment was for the latter sum; this was in accordance with the rule.

[5]   Having held that defendant's sale was, in legal effect, without the plaintiff's consent, it follows that in law it was in deliberate disregard of the plaintiff's right. The special finding

embodied in the certificate and the granting of a close jail execution were fully warranted. *Smith* v. *Ladrie*, 98 Vt. 429, 432, 129 Atl. 302.

*Judgment affirmed.*