MANLEY BROTHERS CO., INC. *v.* E. X. SOMERS.

Special Term at Brattleboro, March, 1927.

Present: WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed May 4, 1927.

*Sales—Conditional Sale—Waiver of Lien as to Third Persons by Permission for Resale—Effect of Non-Compliance with Condition on Which Permission for Resale Given—Sale Not in Regular Course of Business—Novation—New Debtor—Necessity of Intention To Make Novation—Proof of Intention—Novation Not Presumed—Presumptions Supporting Judgment—Insufficiency of Facts To Show Novation—Payment—Presumption as to Note Given for Previous Indebtedness—Insufficiency of Findings To Show Note Payment of Indebtedness—Trover and Conversion.*

1. Where property is sold upon condition that title is not to pass until payment, or with lien reserved, but upon understanding that it is to be sold by buyer in ordinary course of business, silence of seller amounts to an implied license to sell, and, when acted upon, is an irrevocable waiver of security, so far as third persons are concerned.

2. As between parties to conditional sale, license for buyer to sell property in ordinary course of business may be conditional, and where condition is that proceeds of sale shall be applied to payment of purchase price, such condition is binding, and compliance therewith is necessary to justify and validate sale as between such parties.

3. Where automobile was sold to partnership with reservation of title in seller until payment of purchase price, but upon un-

derstanding that buyer might resell in ordinary course of business if proceeds were paid to seller, transfer of its property to its corporate successor without consideration was not sale in regular course of business in compliance with condition as to resale.

4. A novation takes place when some new contract is substituted for an existing contract, either between same parties or different parties, consideration mutually being discharge of old contract.

5. To constitute novation by substitution of new debtor, there must be a mutual agreement between creditor, his immediate debtor, and intended new debtor, by which liability of last-named is accepted in place of that of original debtor in discharge of original debt.

6. To constitute novation, there must be a clear and definite intention on part of all concerned to substitute liability of new debtor for that of original debtor in discharge of original debt, as novation is never to be presumed; but such intention may be proved by circumstances.

7. Where question is one of fact dependent upon an inference to be drawn from facts found, in support of judgment below Supreme Court will assume that such inference was drawn by trial court in favor of prevailing party.

8. Every reasonable intendment is in favor of judgment below, which cannot be reversed unless all reasonable intendments are against it.

9. Facts found *held* inconsistent with existence of mutual agreement by seller, buyer, and buyer's corporate successor that latter should be accepted as debtor and lien note given by buyer to seller discharged, so as to constitute novation, notwithstanding buyer's acceptance of renewal notes signed by such corporation.

10. Note given on previous indebtedness is presumptive evidence of payment of that debt, but such presumption may be rebutted by proof to contrary.

11. Taking additional security does not affect prior lien.

12. Findings of fact *held* not to justify inference that renewal notes were in payment of original indebtedness.

13. In action against member of partnership for conversion of automobile sold partnership conditionally, with privilege of resale in ordinary course of business if proceeds are applied on lien note representing purchase price, fact that used car received

by partnership's corporate successor for automobile in question was sold after such corporation's bankruptcy, *held* immaterial where conditional license to sell automobile was not complied with and such condition had not been waived.

14. Buyer of automobile sold conditionally, with privilege of resale in ordinary course of business if proceeds are applied on lien note representing purchase price, who resells automobile without complying with condition attached to permission, stands as one who has sold without permission, enabling action for conversion to be maintained against him by original seller.

ACTION OF TORT for conversion of an automobile sold conditionally. Plea, general issue. Heard by court, after April Term, 1925, Windham County, *Chase,* J., presiding. Judgment for defendant. The plaintiff excepted. The opinion states the case. *Reversed, and judgment for plaintiff.*

*E. W. Gibson* and *W. R. Daley* for the plaintiff.

*S. Hollister Jackson* and *John W. Gordon* for the defendant.

MOULTON, J. This is an action in tort to recover for the alleged conversion of an automobile. The case was heard by the court, and upon the facts found judgment was rendered for the defendant. The plaintiff excepted.

In the year 1919 the defendant and B. W. Goodfellow were partners under the firm name of Goodfellow Company. Their business was the selling of automobiles at retail. A partnership known as Manley Brothers was at that time the wholesale distributor of Essex automobiles for the state of Vermont. On the 23rd of September, 1919, Goodfellow Company purchased of Manley Brothers a certain Essex sedan and gave a conditional sale note and contract in payment for the sum of $1,995, payable thirty days from date, to Manley Brothers. In the contract it was agreed that the Essex sedan should be and remain the property of Manley Brothers until the note and any renewal or renewals thereof were fully paid. The note was signed "The Goodfellow Company. E. X. Somers." The automobile was sold and delivered to the Goodfellow Company for the purpose of resale, and it was understood and agreed by all parties concerned that Manley Brothers would extend credit to the Goodfellow Company for whatever time should be necessary in order to

enable them to sell the car in the regular course of business, and that the Goodfellow Company would use the proceeds of the sale of the car to pay the note. This was in accordance with the general understanding to this effect which the parties had in such transactions.

On January 1, 1920, Manley Brothers incorporated and became the plaintiff in this suit, Manley Brothers Company, Inc., and thereafter obtained title to the conditional sale agreement and note. The Goodfellow Company also became incorporated and became the Goodfellow Company, Inc., at what date did not appear, but it was before the sale of the car at retail as hereinafter set forth.

Before the lien note became due the Goodfellow Company sent to the payee a negotiable bank note for the face of the lien note, together with a check for the accrued interest, which was accepted. This bank note was renewed and the interest paid on the following dates: December 23, 1919, April 2, 1920, June 23, 1920, August 23, 1920, November 23, 1920, February 23, 1921, and April 23, 1921. The lien note itself was never otherwise renewed or paid, and the last renewal note was not paid. On December 4, 1920, the Goodfellow Company, Inc., sold the automobile to a person named Lamorey for $2,500, which was the fair market value of the car. Payment was made in part by the delivery of an old car in exchange at a valuation of $350, and orders for clothing at Lamorey's store to the amount of $350, and the balance of $1,800 was agreed to be paid in clothing on or before December 25, 1920. There was no evidence that any other merchandise than the used car and the clothing valued at $350 was ever received.

The plaintiff was not informed of the sale of the car to Lamorey until the Goodfellow Company, Inc., wrote under date of February 22, 1921, inclosing a renewal note and stating that the automobile had been traded for merchandise which it had not been able to realize upon at that time owing to market conditions. In the letter inclosing the last of the renewal notes the Goodfellow Company, Inc., advised the plaintiff that the merchandise was still on hand unsold.

The plaintiff accepted the renewal notes after the car had been sold to Lamorey because the Goodfellow Company, Inc., needed time to turn the merchandise into money, and as additional evidence of indebtedness, relying upon the representations in the letter as to the merchandise, and not intending to re-

linquish any right, benefit or advantage it might have under the lien note. Later, and before this action was brought, the Goodfellow Company, Inc., became bankrupt, and the used car was sold.

[1, 2] Where property is sold upon condition that title is not to pass until payment, or with lien reserved, but upon the understanding that it is to be sold by the buyer in the ordinary course of business, the silence of the seller amounts to an implied license to sell, and when acted upon, is an irrevocable waiver of the security. *Rogers* v. *Whitney*, 91 Vt. 79, 82, 99 Atl. 419, and cases cited. But, as between the parties to the conditional sale, the license may be conditional, as where the agreement is that the proceeds of the sale shall be applied to the payment of the purchase price, and in such a case the condition is binding and compliance therewith is necessary to justify and validate the sale. *Reed* v. *Rowell*, 100 Vt. 41, 134 Atl. 641, 642.

So here we have a conditional license to sell the automobile in question, and our inquiry must be whether the condition was complied with, or, if it was not, whether such compliance was waived by the subsequent dealings between the plaintiff and the Goodfellow Company, Inc.

[3] The defendant claims that the permission to sell the automobile was acted upon when he and his partner transferred the car to the Goodfellow Company, Inc. But this transaction was not a sale in the regular course of business such as was contemplated by the agreement between the parties to the lien note. The corporation had succeeded to the business of the partnership, and this was a transfer of the stock in trade from the latter to the former. No consideration passed so far as appears, and the permission to sell in the regular course of business on condition that the proceeds of the sale shall be applied to the payment of the purchase price cannot be construed as permission to transfer the title by way of gift. We hold that this transaction was not a compliance with the conditional license to sell the automobile. The plaintiff's lien and his rights against the defendant were not affected thereby.

The defendant further claims that when the plaintiff accepted the renewal notes signed by the Goodfellow Company, Inc., which had not assumed the lien note, there was in effect, a resale of the automobile to that company, and a novation of the parties, which cancelled the lien note and discharged the defendant from liability.

[4-6]    A novation takes place when there being a contract in existence some new contract is substituted for it, either between the same parties or different parties, the consideration mutually being the discharge of the old contract.    To constitute a novation by the substitution of a new debtor there must be a mutual agreement between three parties, the creditor, his immediate debtor, and the intended new debtor, by which the liability of the last named is accepted in place of the original debtor in discharge of the original debt.    There must be a clear and definite intention on the part of all concerned that such is the purpose of the agreement, although provable by the circumstances, for a novation is never to be presumed.    *Peters* v. *Estate of Poro,* 96 Vt. 95, 107, 108, 117 Atl. 244, 25 A. L. R. 615.

[7, 8]    No such transaction as this is shown by the findings. There is no finding of a mutual agreement between the plaintiff, the defendant and the Goodfellow Company, Inc., by which the last named was accepted as the debtor and the lien note cancelled.    It is true that our rule requires us, where the question is one of fact dependent upon an inference to be drawn from the facts found, in support of the judgment below, to assume that such inference was drawn by the trial court in favor of the prevailing party (*Smith* v. *Ladrie,* 98 Vt. 429, 431, 432, 129 Atl. 302; *Temple Bros.* v. *Munnett,* 97 Vt. 395, 397, 123 Atl. 431, and cases cited), and that every reasonable intendment is in favor of the judgment, which cannot be reversed unless all reasonable intendments are against it.    *Biow Co.* v. *Cohen,* 99 Vt. 78, 80, 81, 130 Atl. 589.    But where the facts are found the question is one of law and there is no room for inference (*Smith* v. *Ladrie, supra*), and we cannot by inference supply the essential element, *i. e.,* the mutual agreement of all three parties concerned, that the Goodfellow Company, Inc., should become the debtor, and the defendant's obligation become discharged, without which there could not be a novation.    See cases above cited.

[9]    In fact, the facts as found are to the contrary.    The agreement that credit should be extended until the automobile was sold; the giving of the renewal notes without the cancellation of the lien note; the intention of the plaintiff not to surrender its rights thereunder and its purpose in accepting the renewals, the evident understanding to that effect by the Goodfellow Company, Inc., as shown in its letters representing that

the last two renewal notes were given because it had not been able to dispose of the merchandise received in exchange; are all inconsistent with the existence of such an agreement.

[10-12]   A note given on a previous indebtedness is presumptive evidence of the payment of that debt, but this presumption is capable of being rebutted by proof to the contrary. *Collamer* v. *Langdon,* 29 Vt. 32, 42; *Dickinson* v. *King,* 28 Vt. 378, 380; *Farr* v. *Stevens,* 26 Vt. 299, 303; *Wait* v. *Brewster,* 31 Vt. 516, 527, 528; *Wemet* v. *Missisquoi Lime Co.,* 46 Vt. 458, 460; *Ricker* v. *Adams,* 59 Vt. 154, 155, 156, 8 Atl. 278. And the taking of additional security does not affect the prior lien. *Kimball* v. *Costa,* 76 Vt. 289, 296, 56 Atl. 1009, 104 A. S. R. 937, 1 Ann. Cas. 610. In view of the findings, above quoted, it cannot be held that the trial court was at liberty fairly to draw the inference that the renewal notes were in payment of the original indebtedness. See *Bridge* v. *Hubbard,* 15 Mass. 96, 99, 8 A. D. 86; 20 R. C. L. 365.

[13]   The fact that the used car received from Lamorey was sold after the bankruptcy of the Goodfellow Company, Inc., does not affect the case. We hold that the conditional license to sell the automobile was not complied with, and that there was no waiver of such compliance.

[14]   The defendant argues that, since the automobile was sold under the license given by the plaintiff's predecessor, there was no right to possession in the plaintiff, and therefore an action for conversion cannot be maintained. But this position is not tenable. Since the right to sell depended upon the performance of the condition attached to the permission, and since there was a failure to perform, the defendant stands as one who has sold without permission. *Reed* v. *Rowell,* 100 Vt. 41, 134 Atl. 641, 642.

*Judgment reversed, and judgment for the plaintiff to recover of the defendant the sum of $1,995, with interest thereon from June 23, 1921, and costs.*