DALE EASTMAN *v.* KENNETH JACOBS.

May Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed October 18, 1932.

*Pierce & Miles* for the defendant.

*Walter H. Cleary* for the plaintiff.

GRAHAM, J. The action is tort for the conversion of a pair of horses and a set of work harnesses. The trial was by court, resulting in a judgment for the plaintiff. The case is here on defendant's exceptions to certain of the findings and to the judgment.

In March, 1926, the defendant purchased of the plaintiff these horses and harnesses and gave in part payment his conditional sales note for $500. When suit was brought in May, 1931, the defendant was in default in his payments and was then owing on the note, principal and interest, $309.30. No demand was made for the surrender of the property before the suit was brought but the court finds, "* * * * the defendant had disposed of all of said property prior to that date and would have been unable to surrender the property had demand been made therefor." The finding that "the defendant had disposed of" the property is challenged by defendant's exception that it is not supported by evidence.

The evidence must be taken in the light most favorable to the findings, and will be read so as to support them if it can reasonably be done. *Reed* v. *Hendee,* 100 Vt. 351, 354, 355, 137 Atl. 329, and cases cited. The only supporting evidence for the finding is to be found in the testimony of the defendant when called as a witness by the plaintiff. After he had testified that the officer who served the writ upon him made no demand for the property, he was asked: "Did you have the property at that time? A. No. Q. And haven't had it at any time since? A. No. Q. So you weren't able to produce it? A. No."

■ Giving the finding the benefit of the favorable rule, and construing the term "disposed of" in its broad and general sense, we think the evidence reasonably warrants the inference to support it. If the defendant had parted with possession of and control over the property without fault on his part, it was incumbent upon him to show it in order to remove the unfavorable inference from his admission. The evidence is meager, to be sure, and might have been made more convincing, but in the circumstances it is sufficient, and the finding must stand.

■■ This finding carries with it the implication of active wrongdoing and is sufficient to establish a conversion. *Vermont Acceptance Corporation* v. *Wiltshire*, 103 Vt. 219, 228, 153 Atl. 199, 73 A. L. R. 792; *Manley Bros.* v. *Boston & M. R. R. et al.*, 90 Vt. 218, 221, 97 Atl. 674; *Hill* v. *Bedell*, 98 Vt. 82, 126 Atl. 493. Since the unchallenged findings show that the defendant "would have been unable to surrender the property had demand been made therefor," no demand and refusal were necessary. *Allen Lumber Co.* v. *Higuera*, 86 Vt. 453, 456, 85 Atl. 979; *Lathrop* v. *Lawson*, 96 Vt. 513, 516, 121 Atl. 438; *Hill* v. *Bedell*, *supra*; *Bean* v. *Colton*, 99 Vt. 45, 50, 130 Atl. 580; *Loverin* v. *Wedge*, 102 Vt. 138, 143, 146 Atl. 248.

■ The defendant argues that the findings do not support the judgment because no value of the property at the time of the alleged conversion is shown. The findings state that "no evidence was introduced showing the value of the property * * * * at the time of the alleged conversion," but the court also found that, "The value of the property covered by said conditional sale note at the time of the giving of said note and at the time the defendant disposed of the property was not shown to be less than the balance due * * * on the note at the time the suit was brought nor less than the amount now due thereon with accrued interest to date." The defendant invokes the general rule of damages in an action of conversion, namely, the value of the property, at the time of conversion, and cites, *Grant* v. *King*, 14 Vt. 367; *Park* v. *McDaniels*, 37 Vt. 594; *Boutwell* v. *Harriman*, 58 Vt. 516, 2 Atl. 519; and *Crampton* v. *Valido Marble Co.*, 60 Vt. 291, 15 Atl. 153, 1 L. R. A. 120. *Prima facie*, this is the rule of damages in trover. *Hassam* v. *Safford Lumber Co.*, 82 Vt. 444, 455, 74 Atl. 197. But the rule has its modifications in practical application to particular transactions. In *Reed* v.

*Rowell,* 100 Vt. 41, 44, 134 Atl. 641, 642, where a conditional seller brought suit against a conditional buyer in tort for conversion, we held that the measure of damages is the amount of the debt unpaid, not exceeding the value of the property. In that case we said, ''* * * It (the measure of damages) is the value of the plaintiff's interest to the extent of the value of the property.'' The agreed price as expressed in the contract of sale is *prima facie* evidence of the actual value of the property, and upon proof of the contract, in the absence of evidence that the actual value was different from the agreed price, the plaintiff is entitled to recover the balance due thereon. *Commercial Investment Trust* v. *Miles,* 181 Ark. 77, 79, 25 S. W. (2d) 3; *Winton Motor Carriage Co.* v. *Blomberg,* 84 Wash. 451, 461, 147 Pac. 21; *Dasher* v. *International Harvester Co.,* 42 Ga. App. 130, 155 S. E. 211, 212; *Carter* v. *American Slicing Machine Co.,* 23 Ga. App. 422, 426, 98 S. E. 365. The judgment was in accordance with the rule and is supported by the facts found.

The court found that ''the plaintiff never released the property * * * from the lien thereon,'' and upon this finding, and other findings, which are supported by evidence, the certificate and the granting of a close jail execution were justified. *Reed* v. *Rowell,* 100 Vt. 41, 44, 134 Atl. 641.

*Judgment affirmed.*