## WALKER v. FILES.

### Opinion delivered April 11, 1910.

1. REPLEVIN—JUDGMENT AGAINST SURETY—JURISDICTION.—One who signs a delivery bond in a replevin suit becomes a party to the suit, and judgment may be rendered against him thereon. (Page 456.)

2. PRINCIPAL AND SURETY—LIABILITY OF SURETY'S PROPERTY FOR PRINCIPAL'S DEBT.—Where judgment is obtained against a debtor and his surety, the creditor may cause the property of either to be levied upon and sold under execution to obtain satisfaction of his judgment. (Page 456.)

3. EXECUTION—IRREGULARITY.—Where an execution was issued against a principal and his surety, and was levied on the property of the surety, the omission of the principal's name in the notice of sale is at most a mere irregularity, which could not affect the validity of the sale under the execution. (Page 457.)

4. EQUITY—ADEQUACY OF REMEDY AT LAW.—A mere irregularity in the conduct of a sale under an execution in an action at law will not be ground for relief in equity, as the law court had supervisory jurisdiction over its own process. (Page 457.)

Appeal from Ashley Chancery Court; *Zachariah T. Wood,* Chancellor; reversed.

The plaintiff, A. W. Files, instituted this suit in the Ashley Chancery Court against the defendants, Floyd Walker, sheriff of Ashley County, J. W. Simpson and George Norman. The complaint alleges, in substance, the following:

That on the 10th day of May, 1907, George Norman brought suit in replevin against R. F. Manning and J. W. Simpson to recover possession of a lot of staves, and that A. W. Files became the surety on the bond of said Norman to obtain the delivery of said property. The case was tried at the January term, 1908, of the Ashley Circuit Court, and the jury returned a verdict in favor of the defendant for the return of the staves in controversy or $250, their value, with interest thereon at the rate of 6 per cent. per annum from the 10th day of May, 1907. Whereupon the court rendered judgment in accordance with the verdict in favor of the defendant, J. W. Simpson, against the plaintiff, George Norman, and A. W. Files, the surety on his bond. That on the 17th day of November, 1908, said J. W. Simpson procured an execution to be issued on said judgment, directed to the sheriff of Ashley County, and the same was placed in the hands of Floyd Walker as such sheriff. That said Walker as such sheriff, on the 5th day of December, 1908, levied said execution on certain real estate of said A. W. Files in Ashley County, and advertised the same for sale on the 31st day of December, 1908. That said George Norman promised said A. W. Files to prosecute an appeal to the Supreme Court from the judgment in said replevin suit, but wholly failed and neglected to do so. That no demand was made of said A. W. Files to pay the judgment in said replevin suit, and that the first information that he had of the existence of said execution was on the 12th day of December, 1908, when he read the notice of the levy and sale. That he had no notice that judgment in said replevin suit had been rendered against him until December 19, 1908. That said George Norman is perfectly solvent, and has abundant property subject to levy and sale under execution to satisfy the judgment in said replevin suit. That

plaintiff has demanded in writing of said Walker as such sheriff to levy said execution on the property of said Norman, and has pointed out to him sufficient of Norman's property subject to levy and sale to satisfy said execution, but that said Walker as such sheriff has refused to comply with his demands in that respect. That there is collusion between said Simpson, in person and by attorney, and said Norman and said Walker as such sheriff to compel plaintiff unjustly to pay said judgment in said replevin suit, interest and costs, and to protect and relieve said Norman from the payment thereof.

Plaintiff further alleges that his relief can only be had in a court of equity. His prayer was for a temporary restraining order, which on final hearing is asked to be made perpetual.

A temporary restraining order was issued. The defendant Norman filed an answer to the complaint. This need not be abstracted for the reason that the issues made by it between him and the plaintiff have not been determined by the chancery court.

The defendants, J. W. Simpson and Floyd Walker, sheriff, as aforesaid, interposed a demurrer to the complaint. On the 25th day of May, 1909, the chancery court overruled the demurrer of said defendants, and made the temporary restraining order perpetual, or until said sheriff shall have levied upon the property of said Norman and have exhausted his remedy against him. Said defendants, Simpson and Walker, have duly prosecuted an appeal to this court.

*George & Butler,* for appellants.

When the appellee signed the bond as surety, he became a party to the proceeding, and was entitled to no further notice of the future progress of the suit. Kirby's Dig., § 6870; 68 Ark. 320; 66 Ark. 183. The creditor cannot be compelled to exhaust his remedy against the principal before proceeding against the surety. 22 Am. St. 39. Equity will not interfere in the absence of an allegation of fraud. 85 Ark. 508. Or an allegation of valid defense. 32 Ark. 438; 74 Ark. 292; 76 Ark. 582. The circuit court could have made any order necessary to protect appellee's rights. Kirby's Dig., § 3224; 34 Ark. 354; *Id.* 291. The surety, after paying the judgment, has a cause

of action against his principal for the amount thereof.   16 Ark. 72; 32 Ark. 530.

Appellee, *pro se.*

Judgments may be enjoined for matters arising after the rendition thereof.   33 Ark. 161.   The issuance of an injunction is an act of judicial discretion.   26 Ark. 613; 26 Ark. 510; 39 Ark. 82.

HART, J., (after stating the facts).   The judgment against the plaintiff, A. W. Files, was rendered against him in the replevin suit pursuant to section 6871 of Kirby's Digest.   When he signed the bond of Norman to obtain delivery of the property under section 6857 of Kirby's Digest, he became a party to the replevin suit, and the judgment against him was not without jurisdiction.   *Glenn* v. *Porter,* 68 Ark. 320.

The demurrer admits the allegations of the complaint to be true.   Stripped of its verbiage, the complaint presents only one real question for our determination, and that is, if a judgment creditor sees fit to levy upon and sell the property of the surety of the judgment debtor first in satisfaction of his judgment, upon what principle will a court of equity prevent him?

We have no statute prescribing that the property of the principal of the surety be first exhausted.   The relation of principal and surety between Files and Norman created rights and duties as between themselves; but the question upon which we are called to pass is, does it affect third persons?   As we have already seen, when the judgment in the replevin suit was rendered against Norman, the court, pursuant to section 6871, Kirby's Digest, upon the motion of the defendant, Simpson, also rendered judgment against Files.   Thereby Files became a joint debtor in the judgment and execution, and was under the same obligation as Norman to pay the judgment creditor.   It was therefore, in the absence of a statute to the contrary, competent for the judgment creditor to cause the property of either to be levied upon and sold under execution to obtain satisfaction of his judgment.   Whatever the equities between Norman and Files may be, it could not affect the judgment creditor in the pursuit of his rights, and he clearly had the right to sue out

an execution and have the same levied upon the property of either.

The rule at common law is that the "judgment creditor is at liberty to levy first upon the property of the surety if he choose to do so." 32 Cyc. p. 143 and notes.

If, as we have already held, Files became a joint debtor with his principal and liable as such, he is equally subject to an execution, and the question of collusion between Simpson, the judgment creditor, and Norman and the sheriff does not arise, and is not an issue in the case; for the reason that Simpson has only adopted the means he is legally entitled to pursue to effect satisfaction of his judgment. For the same reason the allegation that Norman has property subject to execution sufficient to satisfy the judgment and that he neglected to take an appeal from the judgment in the replevin suit does not entitle the plaintiff, Files, to relief in equity.

It is contended by appellee that the sale should be enjoined because the name of Simpson does not appear in the notice of sale. The execution was directed against both Simpson and Files, and the omission of Simpson's name in the notice of sale was at most a mere irregularity, which could not affect the validity of the sale under the execution. It is well settled that an injunction will not issue because of a mere defect in the notice of sale. 6 Pomeroy's Equity Jurisprudence, § 674; 2 Freeman on Executions (2 ed.), § 259.

Moreover, the circuit court had general supervisory jurisdiction over its own process, and the court out of which the execution issued or its judge in vacation could have made any order necessary to protect appellee's rights. Kirby's Digest, § 3224; *Shaul* v. *Duprey*, 48 Ark. 331, and cases cited.

It necessarily follows that the decree must be reversed, and the cause remanded with directions to sustain the demurrer, and dismiss the complaint for want of equity.