GEORGE *v.* DARDANELLE BANK & TRUST COMPANY.

Opinion delivered October 9, 1922.

REPLEVIN—DAMAGES.—On a judgment for sheriff, defendant in replevin, for property he had taken on execution, refusal to award damages to him for usable value is proper, since he has no right to use the property, and the plaintiff in the execution has no such right till after sale, and then only if he becomes the purchaser.

Appeal from Yell Circuit Court, Dardanelle District; *A. B. Priddy,* Judge; affirmed.

*John M. Parker,* for appellant.

The court erred in refusing to declare the measure of damages to be the usable value of the property from the date the property was replevied to the date of the trial of the action. 34 Ark. 184; 36 *Id.* 260; 51 *Id.* 301; 93 *Id.* 344.

*Lee & Scott,* for appellee.

Satterfield, the plaintiff in execution, should not have been made a party. He had no title or right of possession in the property levied on. The officer himself had only a special property in the chattels seized, and the right of possession only for the purpose of sale under the levy. 17 Cyc. 1121. Where goods are improperly taken away from a sheriff after levy, he, and not the plaintiff in execution, must maintain suit for the same. 4 N. J. L. 115; 23 Ind. 447.

The sheriff was not entitled to the use of the property levied on. 17 Cyc. 1121; 56 Mich. 142; 34 Cyc. 1564. Therefore, the usable value of the property was not an element of recovery in this case.

SMITH, J. Satterfield recovered judgment in the Yell Circuit Court against Haney, and caused an execution to be levied on two mules and a wagon belonging to Haney. On the day on which the sale under execution was to occur the Dardanelle Bank & Trust Company replevied the property from the sheriff, and the sale did not take place. This replevin suit was tried by consent before the court, sitting as a jury, after Satterfield had made himself a party thereto. Satterfield insisted that the court should award judgment for the usable value of the mules and wagon, but the court declined to do so, and, instead, rendered judgment for $340, the admitted value of the property, and interest on that sum from the date of the levy of the order of delivery under which the property was taken from the sheriff to the date of trial. The question presented for decision is, whether the court erred in refusing to render judgment for the usable value.

Appellant insists that, inasmuch as the property was returned to Haney on the day the order of delivery was served, and that Haney thereafter had the use of it, thus causing the property to be readvertised before it could be sold, the plaintiff in the execution was deprived of the property and received nothing by way of compensation for this delay.

But the sheriff himself had only a special possession of the property for the purpose of selling it; and Satterfield, as plaintiff in the execution, had no right of possession of any kind prior to the sale, and no right of possession after the sale unless he became the purchaser at the sale.

Satterfield had the right only to subject the property to sale under the execution, and he was not entitled to be compensated for its usable value until he became entitled to its possession and use, a right which accrued when, and not before, he became the purchaser at the execution sale.

The case of *Tandler* v. *Saunders,* 22 N. W. 271, is very similar in the material facts to the instant case. The opinion of the court (Michigan) was rendered by Cooley, C. J., and it was there decided, as reflected by a syllabus in the case, that "a sheriff who claims property under a writ of attachment is not entitled to the use thereof; and where, in an action of replevin, the judgment is in his favor, it is error to allow damages for depriving him of such use."

In Wells on Replevin (2nd Ed.), sec. 581 it is said: " * * * an officer of the law, who has seized property on an execution, has no right to use the property; the value of the use should not be assessed in his favor."

The court did not err in refusing to render judgment for the usable value of the property, and the judgment is affirmed.