WHITE-WILSON-DREW COMPANY v. AHRENS.

Opinion delivered January 22, 1923.

1. EXECUTION—LIABILITY OF SURETIES ON STAY BOND.—Though the sureties on a stay bond become principals as to the creditor, so that the creditor may issue execution against them alone, yet if he, after having levied execution upon the property of the principal, release such property over the objection of the sureties, he thereby releases such sureties to the extent of the value of the property so released.

2. STATUTES—ADOPTED CONSTRUCTION.—When one State adopts a statute of another State, the previous construction of such statute goes with it.

Appeal from Arkansas Chancery Court, Southern District; *John M. Elliott,* Chancellor; affirmed.

*Young & Elms,* for appellants.

At the expiration of the stay, the bond, per force of the statute, became a judgment against the sureties. C. & M. Digest, § 4306. The liability of the principal and the sureties in the bond thereupon became a joint and equal liability, so far as the judgment creditor was concerned. 94 Ark. 453.

*John W. Moncrief,* for appellees.

Appellant's theory of the case and his contention is refuted by the opinion in *Wilson* v. *White,* 82 Ark. 407. See also, 7 Heisk. (Tenn.) 50; 69 Tenn. 488; 27 Am. & Eng. Enc. of Law, 2d ed., 520-521; 32 Cyc. 218-220; Brandt on Suretyship & Guaranty, 3d ed., § 495; *Id.* § 480; 21 R. C. L. 1042-3; 94 N. W. 853, 855; 17 Am. Dec. 590; 48 S. W. 724; 126 S. W. 547, 550; 20 Am. Dec. 179; Freeman, Executions, 259, 269; 79 Ind. 578; 70 S. W. 842, 843; 38 S. W. 1141, 1142; 59 Ark. 47; 9 B. Mon. 325.

SMITH, J. Appellees were plaintiffs below, and their complaint contained the following allegations. Certain creditors of T. H. Bowers recovered judgments against him, amounting to $400 in the common pleas court of the Southern District of Arkansas County. Executions were issued and placed in the hands of the sheriff. Thereupon Bowers executed stay bonds upon the respective judg-

ments, with the plaintiffs as sureties. These bonds were accepted and approved by the sheriff, and were duly returned with the executions. Upon the expiration of the bonds, executions were issued against Bowers and these plaintiffs as bondsmen. At that time Bowers owned a stock of merchandise worth twenty-five hundred dollars and other personal property, on which there were no prior liens. The executions were levied on this property, and the sheriff was about to advertise the same for sale. when the judgment creditors directed the sheriff to hold up the executions and to release the property of Bowers, and this was done. Plaintiffs protested against the release of the property, and requested the sheriff to proceed with the sale, but the sheriff did not proceed with the sale because the judgment creditors directed him not to do so. Thereafter Bowers disposed of his property and became, and is, insolvent, and the judgment creditors have now caused executions to be levied upon the property of the plaintiffs. There was a prayer that the judgment creditors and the sheriff, who were the defendants, be restrained from proceeding under the executions with the sale of the property belonging to the plaintiffs.

A demurrer to the complaint was filed, and overruled. In overruling the demurrer to the complaint, the court prepared a written opinion expressing the view that the action of the judgment creditors in ordering the sheriff to return the executions unsatisfied, over the protest of the plaintiffs, and the subsequent insolvency of Bowers, had the effect of releasing plaintiffs as sureties on the bonds. The defendants stood on their demurrer, and the temporary restraining order was made perpetual, and this appeal is from that decree.

For the reversal of the decree of the court below it is insisted that the plaintiffs were not mere sureties, and that under the statute they have become primarily liable, and can be released only by the payment of the judgments. Section 4306, C. & M. Digest, provides what the

effect of a bond such as the plaintiffs executed shall be. That section reads as follows: "All such bonds shall have the force and effect of a judgment, and on which an execution may issue, which execution shall be indorsed that no surety of any kind is to be taken."

The bond itself has the force and effect of a judgment, on which an execution may issue, and that without the benefit of further stay, and an execution issued thereon must be so indorsed. The purpose of this provision is that there may be an end of the matter and the judgment creditor may finally have his money.

By signing this bond the sureties thereon made themselves parties to the record, and they were thereafter primarily liable for the debt stayed. By executing this bond the sureties stayed the proceedings for the time limited by the bond against the judgment debtor, and in doing so they became liable primarily, so far as the judgment creditor is concerned, for the payment of the debt at the expiration of the stay. These sureties might, if they had elected so to do, have paid the debt and have taken an assignment of the judgment stayed to themselves, after which they would have been entitled, under section 6250, C. & M. Digest, to have had summary judgment against Bowers. Yet it is true that, while the relation of principal and surety exists between the plaintiffs and Bowers, the plaintiffs are all principals so far as the judgment creditors are concerned.

We were first of opinion that the case of *Walker* v. *Files,* 94 Ark. 453, was controlling here and called for the reversal of the decree of the court below. That case expressly decided that one who signed a delivery bond in replevin became a party to the suit, and that judgment might be rendered against him upon the decision of the case, and that when such a judgment had been obtained the judgment creditor might cause the property of either the principal or the surety to be levied upon and sold under an execution to obtain satisfaction of the judgment; this being upon the theory that both principal and

surety had become primarily liable upon the rendition of the judgment.

There is a circumstance, however, which distinguishes that case from this, and which is controlling here. This is the fact that an actual levy had been made on sufficient property belonging to the principal to satisfy the judgment debt, and that levy was released without the consent of the sureties. The judgment creditor may, at his election, have a levy made on the property of him who at first was a mere surety, and he may do this although he could as well have had satisfaction out of the property of the principal. The case of *Walker* v. *Files, supra,* so expressly holds. But if the judgment creditor cause a levy to be made upon the property of the principal, he may not release this levy without the surety's consent, except under penalty of releasing the surety to the extent of the value of the property so released.

In 21 R. C. L. p. 1041, the law is thus stated: "Therefore when property of the principal debtor has been levied on, and the levy subsequently relinquished by the judgment creditor, he cannot enforce the collection of the entire judgment against the sureties, but they will be discharged to an extent equal to the value of the property so surrendered or relinquished. Once the property of the principal is in the hands of the sheriff, the sureties have a right to the benefit of it."

The authorities to which our attention has been called appear to be unanimous in so holding; but the case of *Alexander* v. *Bank of the Commonwealth*, 7 J. J. Marshall (Ky.) 580, comes with especial force in the construction of the statute under consideration, which is a part of the Civil Code borrowed from the State of Kentucky.

In the case of *State* v. *Ark. Brick & Mfg. Co.*, 98 Ark. 125, this court said: "The case last cited comes with especial force, as it arose in Kentucky after her adoption of a Code which was subsequently adopted by Arkansas. When one State adopts the laws of another State, it is

quite generally held that constructions of the adopted law go along with it. Without such aid, however, in this case, we would hold the law to be as here expressed.''

The Kentucky case of *Alexander* v. *Bank, supra,* was decided October 18, 1832, which was, of course, long prior to the adoption of our Code, and the syllabus of that case is as follows: ''If, after a *fieri facias* issued on a replevin bond has been levied on estate of the principal obligor, sufficient for its satisfaction, it be stayed by order of plaintiff, and the property released, the surety in the replevin bond is thereby released, in equity, from the obligation of the replevin bond.''

In the late case of *Darland* v. *First Nat. Bank,* 197 S. W. 826, the Court of Appeals of Kentucky reaffirmed the doctrine of *Alexander* v. *Bank, supra,* and held also that the release of the property of the principal without the consent of the surety discharges the surety, whether the property released from the execution levy is sufficient to discharge the whole debt or not.

We do not feel bound by this last decision, and are not required, under the issues joined, to decide whether the surety is relieved beyond the value of the property released from the execution. But we do hold that the sureties are released to the extent of this value, and as the complaint alleged the value of the property released exceeded the judgment debt, the demurrer was properly overruled, and the decree to that effect is affirmed. See cases cited in note to 21 R. C. L. 1041 and 23 C. J. 821.