TRICE *v.* PEOPLE'S LOAN & INVESTMENT COMPANY.

Opinion delivered May 2, 1927.

1. APPEAL AND ERROR—ABSENCE OF BILL OF EXCEPTIONS.—Where there is no bill of exceptions, the Supreme Court can consider only whether or not there are any errors appearing on the face of the record.

2. BILLS AND NOTES—NEGOTIABILITY.—The negotiability of a note is not affected by a reference which is simply a recital of the condition upon which the paper was given, or a statement of the origin of the transaction, or that it is given in accordance with the terms of a contract of even date between the same parties.

3. BILLS AND NOTES—PARTIES.—The payee of a negotiable note is not a necessary party to an action thereon by an assignee against the maker.

4. SALES—JUDGMENT IN REPLEVIN.—Where plaintiff in a replevin action obtained possession of property sold under a conditional sale contract on which defendant had defaulted, judgment, under Crawford & Moses' Digest, § 8654, should be rendered against defendant and bondsmen for the total amount due, to be credited with the amount received on sale of the property.

5. APPEAL AND ERROR—MODIFICATION OF JUDGMENT.—Where the judgment in a replevin action rendered against defendant's bondsmen was merely for the value of the property as found by the jury, instead of the amount of the debt due, which was greater than the value of the property, the error will be cured and judgment

corrected to conform to the verdict by eliminating from the judgment the value of the property and allowing a money judgment to stand as rendered.

Appeal from Crawford Circuit Court; *James Cochran*, Judge; judgment modified.

*George Stockard,* for appellant.

*Pryor, Miles & Pryor,* for appellee.

WOOD, J. This is an action brought by the plaintiff against the defendant to recover possession of a certain automobile and for a money judgment in the sum of $610. The instrument evidencing the contract of sale and purchase of the automobile, upon which the action is founded, is designated "Conditional·Sale Agreement." It sets forth the terms of sale, describes the automobile, and recites the consideration and the amount of the cash payment, and then sets forth that the buyer agrees to pay to the seller, or order, a balance of $610, to be evidenced by a promissory note to be paid in twelve equal monthly installments of $50.83 after date. The seller retained title until all the purchase money was paid. The buyer agreed to operate and control the car in conformity with all the laws and ordinances and to indemnify and save harmless the seller from any or all loss or damage to person or property caused by said car or by the use and operation thereof to which the seller might be subjected. There was a provision in the contract to the effect that any extension or assignments of the contract of sale, or of the note, should not waive any condition therein contained. There were various other conditions set forth in the agreement, and there was a provision to the effect that, if the buyer failed to keep and perform any or all of the conditions imposed upon him, or failed to make the payments promptly, the seller could take possession of the property, and thereupon all of the deferred payments would become due, and the seller would have the right to institute action to enforce the payment of the note and to take possession of the car.

The contract is an exceedingly long one, and it is unnecessary to set forth any more of its provisions. It

was signed by the Sengel Motor Company, the seller, and by Joseph B. Trice, the buyer, March 1, 1925. After the signatures was the following recital: "Dealers must sign assignments on reverse side. Detach note before recording." Then follows a dotted line and after that the following:

"For value received, at the time or times stated in the schedule of payments herein, I, we, promise to pay to the order of Sengel Motor Company six hundred ten and no/100 dollars, with exchange, at the office of People's Loan & Investment Company, Fort Smith, Arkansas, with interest after maturity at the highest legal contract rate. This note, including all installments thereof of even date herewith, is identified with conditional sale agreement covering a certain motor vehicle and certain personal property and equipment thereon. Failure to pay this note or any of the installments thereof when due shall, at the option of the holder hereof, mature all of said installments then unpaid. In the event that an attorney be employed to collect or attempt to collect this note or any installment thereof, by suit or otherwise, or to preserve or protect the property described in the aforesaid conditional sale, the parties hereto agree to pay all costs incurred, including a reasonable attorney's fee, which shall not be less than 15 per cent. of the amount then due, consenting that a suit be brought herein in any county in the State wherein the holder hereof might elect to sue. The parties hereto, whether maker, surety, or indorser, hereby waive presentment, demand, protest and notice of nonpayment, and also waive all rights of exemption which they have or may have under the Constitution and laws of this or any other State, or of the United States, and the indorsers and sureties hereby agree to extensions of the time of payment hereof without notice to them of such extension." Signed Jos. B. Trice. Then follow assignments of the instrument, signed by the Sengel Motor Company, assigning the property and all the right, title and interest of the Sengel Motor Company to the plaintiff, People's Loan & Investment Company.

The complaint alleged that the defendant had failed to make the payments when due and that the plaintiff had exercised its option to declare all due, and prayed for a writ of replevin directing the sheriff to take possession of the car and a judgment against the defendant in the sum of $610, with interest as provided in the note, and for damages for the unlawful detention of the car. There was a demurrer, which set up that the plaintiff had failed to file the affidavit in replevin as required by law, and that the complaint did not state facts sufficient to constitute a cause of action, and that there was a defect of parties defendant in that the Sengel Motor Company of Fort Smith, Arkansas, was a necessary party defendant in the action to determine all the issues involved. The demurrer was overruled.

There was an answer, in which the defendant admitted the execution of the contract made an exhibit to the complaint, but denied that he purchased the car described in the complaint. He admitted that he executed his note for the balance of the purchase price for a 1925 model car. He denied the assignment of the instrument by the Sengel Motor Company to the plaintiff. He admitted the balance due on the purchase price as made by him of $508.34, provided car purchased was a 1925 model Durant Roadster. The defendant alleged that the Sengel Motor Company, by false pretenses and fraud, sold him the car as a 1925 model and a new car, which was not true; that the Sengel Motor Company, knowing that it had perpetrated a fraud upon the defendant, collusively assigned the note in controversy to the plaintiff, and that plaintiff knew, when it accepted the assignment, that the car purchased was not a 1925 model Durant Roadster, and knew that the seller had warranted it as such to the defendant at the time it accepted the assignment. He denied that the plaintiff was entitled to possession of the car and to the amount claimed in its complaint.

The judgment recites that the cause was tried by a jury and that the jury returned the following verdict:

"We, the jury, find for the plaintiff for the sum of $508.34 and the possession of the car, and value the car at $375." The court rendered the following judgment:

"On this 25th day of November, 1925, the above cause coming on to be heard, comes the plaintiff by its attorneys, Pryor & Miles, also comes the defendant by his attorney, George G. Stockard, and, both parties announcing ready for trial, whereupon a jury was impaneled to try the issues of fact in this cause, and the jury, after hearing the evidence, the instructions of the court and the argument of counsel, retired to deliberate on their verdict, and on the same day returned into court the following verdict, to-wit: 'We, the jury, find for the plaintiff for the sum of $508.34 and the possession of the car, and value the car at $375. B. W. Chitwood, foreman.'

"It is therefore considered, ordered and adjudged by the court that the plaintiff have and recover of and from the defendant and the sureties on his bond, to-wit: George Stockard, T. L. Wallace, O. H. Whittington, S. D. Kirkland, Mrs. W. W. Ocker, Mrs. Sadie Lewis, J. L. Jacobs, John L. Smith, Addis Bryan and F. O. McCullough, the sum of $375, which was the value of the car at the time this suit in replevin was brought, and a judgment for the possession of said car, and that, if said car is returned to the plaintiff by defendant, it is the order of the court that said car be sold and the proceeds of said sale be applied to the payment of said judgment of $375. The plaintiff to further have and recover of and from the defendant, J. B. Trice, the sum of $508.34, the said sum of $375, when paid, to be a credit on the judgment for $508.34 in favor of the plaintiff and against the defendant, J. B. Trice."

The defendant and the parties named in the judgment as the sureties on his bond filed the following instrument: "Come the defendant, J. B. Trice, and his bondsmen, George G. Stockard. T. L. Wallace, O. H. Whittington, S. D. Kirkland, Mrs. W. W. Ocker, Mrs. Sadie Lewis, J. L. Jacobs, John L. Smith, Addis Bryan and F. O.

McCullough, and each and severally and conjointly protest against the entry of the judgment herein, and for cause they say: 1. It is not responsive to the issues herein. 2. It is not a judgment in replevin. 3. It is not based on the findings of the jury herein. 4. It is contrary to the law, and is not a judgment on the undertaking of the sureties herein. Wherefore petitioners pray that said judgment be set aside and held for naught, and that a proper judgment be entered herein, directing and ordering that the property sued for, to-wit, one Durant Roadster, seized under replevin herein, be returned to the plaintiff, or its value, as found by the jury, paid to plaintiff if return cannot be had."

The plaintiff filed the following: "Comes the plaintiff, People's Loan & Investment Company, and reports to the court that it sold at public auction on March 1, 1926, the car in controversy in the above suit, and asks that the judgment be credited with thirty ($30) dollars, that being the highest bid and the price the car brought at said sale, the sale being made to Lee Gamage."

From the judgment of the court is this appeal.

1. There is no bill of exceptions, and we can only consider whether or not there are any errors appearing on the face of the record. The appellant first contends that the instrument on which the appellee bases its action is not a negotiable instrument. Appellant predicates its contention upon the following language contained in the note, to-wit: "This note, including all installments thereon of even date herewith, is identified with conditional sale agreement covering a certain motor vehicle and certain personal property and equipment thereon." It occurs to us that the above language was not intended to burden the note with the conditions in that part of the instrument designated "Conditional sales agreement." The language quoted was only intended to signify the origin of the note. It is only a reference to the transaction out of which the note arose.

The law on this subject is correctly declared in 3 R. C. L., page 918, as follows: "The reference in a bill or

note to some extrinsic agreement, in order to destroy its negotiability, must be such as indicates that the paper is to be burdened with the conditions of that agreement. Accordingly, the negotiability of a note is not affected by a reference which is simply a recital of the consideration for which the paper was given, or a statement of the origin of the transaction, or by a statement that it is given in accordance with the terms of a contract of even date between the same parties. * * * The negotiable instruments law declares that an order or promise to pay is unconditional, although coupled with a statement of the transaction which gives rise to the instrument.''

Section 7770 of Crawford & Moses' Digest reads, in part, as follows

''An instrument payable upon a contingency is not negotiable, and the happening of the event does not cure the defect.'' And section 7771 reads:

''An instrument which contains an order or promise to do an act in addition to the payment of money is not negotiable. But the negotiable character of an instrument otherwise negotiable is not affected by a provision which (1) authorizes the sale of collateral securities in case the instrument be not paid at maturity, or * * * (4) gives the holder an election to require something to be done in lieu of payment of money.''

A critical examination of the instrument discloses that it is an absolute and unconditional promise to pay a definite sum of money at all events and without any contingency, and at the fixed time therein designated for the installments to be made.

Counsel for appellant relies upon the case of *Murrell v. Exchange Bank,* 168 Ark. 645, 271 S. W. 21, 41 A. L. R. 1391, to sustain his contention. In that case the note under review, in addition to a provision for a retention of title, provides that the payee may declare the note due at any time that he deems himself insecure before maturity and sell same at public or private sale. Passing upon this instrument we said:

"This clause renders a note not only payable upon a contingency, but renders the time of payment uncertain."

No such provision is contained in the note now under consideration, and what we said in the above case is in accord with our holding in the instant case. That case, in fact, supports the present holding. We conclude therefore that the note upon which the appellee bottoms his action for a money judgment is a negotiable instrument.

2. It follows from what we have already said that the court did not err in overruling the appellant's demurrer. Since the note was a negotiable instrument, the payee in the note was not a necessary party to the action. The complaint contained the necessary allegations, if true, to constitute a cause of action against the appellant, and to entitle the appellee to recover a money judgment in the sum of $610. The complaint for the money judgment was not verified, but there was no motion made by the appellant to require the same to be verified. There was an affidavit in the record by Lee G. Simms which was sufficient, if true, to meet the requirements of the law to entitle the appellee to recover possession of the automobile.

3. The judgment was not in harmony with the verdict. The jury did not return any verdict for damages for the detention of the car. That was in issue by the pleadings. The appellee alleged that it had been damaged in the sum of $100 for the unlawful detention of the car, and the appellant in his answer denied the allegation. The appellee obtained possession of the car. The jury, in its verdict, merely placed a valuation upon the car; it did not find that the appellant owed the appellee as damages for the unlawful detention and use of the car the sum of $375. The court therefore erred in rendering a judgment against the appellant and his bondsmen in favor of the appellee in the sum of $375, the value of the car as found by the jury.

"In an action to recover possession of personal property, judgment for the plaintiff may be for the delivery of the property, or for the value thereof, in case

a delivery cannot be had, and damages for the detention.'' Section 8654, C. & M. Digest.

"In replevin the delivery of the property is the primary object of the action, the value is to be recovered in lieu of it as an alternative only in case a delivery cannot be had of the specific property." *Swants* v. *Pillow,* 50 Ark. 300, 7 S. W. 167, 7 Am. St. Rep. 98. See also *Spear* v. *Arkansas National Bank,* 111 Ark. 29, 163 S. W. 508, Ann. Cas. 1916A, 735.

Since the appellee was in possession of the property, judgment should have been rendered in favor of the appellee against the appellant and his bondsmen in the sum of $508.34, and directing that the appellee, as the owner, retain possession of the car, and that the same be sold to satisfy the judgment. There is a report of sale in the record showing that the car was sold under the directions of the court's judgment for the sum of $30. This amount should therefore be entered as a credit upon the judgment.

The judgment in favor of the appellee against the appellant and his bondsmen should have been in the sum of $508.34, but the judgment actually rendered against appellant's bondsmen was for only $375. The bondsmen are therefore not in an attitude to complain of the error of the court in the form of the judgment. Such error may be cured and the same corrected so as to conform to the verdict by eliminating the judgment in favor of the appellee against the appellant in the sum of $375 for the value of the car, and in allowing the money judgment for $508.34 against him to stand as rendered, the same being credited with the sum of $30, the proceeds of the sale of the car.

The judgment of the trial court therefore will be modified so as to allow the same to stand as a judgment in favor of the appellee against the appellant in the sum of $508.34, less a credit of $30 entered as of March 1, 1926, with interest thereon at the rate of six per cent. per annum from date of the rendition of the judgment, and a judgment in favor of the appellee against the appellant's

bondsmen in the sum of $375 as the extent of their liability on the judgment in favor of the appellee against the appellant and his bondsmen. As thus modified, the judgment will be affirmed.