CONLEE *v.* LOVE.

Opinion delivered November 5, 1928.

*Tom F. Digby,* for appellant.

*Sam T. Poe, Tom Poe* and *McDonald Poe,* for appellee.

HUMPHREYS, J. Appellee obtained a decree for money against A. B. Cox, in the chancery court of Yell County, and was unable to find any property belonging to him in said county upon which to levy an execu-

tion to satisfy the judgment, whereupon he caused an execution to be issued on said judgment directed to the sheriff of Pulaski County. The sheriff of Pulaski County levied the execution upon the Oakland coupe automobile as the property of A. B. Cox. Before the sale thereof, Cox-Ellis Lumber Company, a corporation, instituted an action of replevin for the automobile against the sheriff, and obtained the possession thereof on delivery bond signed by itself as principal and S. C. Ellis and the appellant herein as sureties.

Appellee intervened, and defended the suit in his own right and in the name of the sheriff. The intervener and sheriff prevailed in the trial of the cause, and a judgment was rendered against the principal and sureties on the delivery bond in the alternative in favor of the sheriff, for the benefit of appellee herein, either for the return of the automobile or the payment of $700, its value.

Cox-Ellis Lumber Company appealed the case to this court, and stayed further proceedings thereunder by the execution of a supersedeas bond, signed by itself as principal and S. C. Ellis as surety. The appellant herein did not sign the supersedeas bond. Almost a year thereafter the judgment was affirmed by the Supreme Court. Appellee then procured an alias execution on his judgment against A. B. Cox in the chancery court of Yell County, directed to the sheriff of Pulaski County. The sheriff found said automobile in the possession of the Cox-Ellis Lumber Company, where it had remained during the pendency of the appeal from the judgment in the replevin suit, and levied upon and sold it for $100. During the pendency of said appeal, both the Cox-Ellis Lumber Company and S. C. Ellis became insolvent. Appellee herein then brought suit against appellant herein on an alleged breach of the condition of the delivery bond given in the replevin action to return the automobile in like good order and condition as when levied upon under the first execution. The suit was

based upon the alleged right of appellee herein to recover from the surety, appellant herein, by reason of damages sustained in the depreciation in value of the automobile while it was wrongfully withheld from the sheriff and sale thereof prevented.

Appellant filed an answer, denying the material allegations of the complaint, and, by way of an affirmative defense, pleaded a release from liability on the delivery bond by reason of the execution of a supersedeas bond on the appeal from the judgment in the replevin suit.

The cause proceeded to a hearing, and at the conclusion of the testimony appellant requested the court to instruct the jury to return a verdict for him, which request was refused, over his objection and exception. The trial of the cause upon the pleadings, testimony and instructions of the court resulted in a verdict and judgment in favor of appellee for $500, from which is this appeal.

We deem it unnecessary to discuss and determine the questions presented by appellant for a reversal of the judgment, or to allude to the reasons assigned by appellee for an affirmance thereof, because the delivery bond sued upon, or made the basis of this action, had already merged into a judgment in favor of appellee against appellant before this suit was instituted. In the replevin suit, in which the delivery bond was given, the court rendered a judgment against appellant in favor of appellee for the return of the automobile or $700, its value. The automobile was never returned by appellant or those who signed the delivery bond with him. It was levied upon and sold under a general alias execution, after the affirmance of the judgment in the replevin suit, issued out of the chancery court of Yell County, on appellee's original money judgment against A. B. Cox, and only brought $100, on account of its depreciated condition during the pendency of the replevin suit on appeal in the Supreme Court. The judgment was

rendered against appellant in favor of appellee under § 8643 of Crawford & Moses' Digest, and, by the execution of that bond, appellant became a party to the replevin suit, and it was proper to render a judgment against him in that action for the return of the automobile, if to be had, and if not, for the value thereof. *Glenn* v. *Porter*, 68 Ark. 320, 57 S. W. 1109; *Walker* v. *Files,* 94 Ark. 453, 127 S. W. 739. The judgment was binding upon all the parties to the replevin suit, and, after the bond had merged into judgment under § 8656 of Crawford & Moses' Digest, it could not be made the basis of a subsequent suit between the same parties for depreciation in value of the property seized during the pendency of an appeal from the judgment in the replevin suit. Appellee's only remedy was to enforce the judgment he already had against appellant by execution, and not by bringing a second suit against him on the same delivery bond.

On account of the error indicated the judgment is reversed, and the cause is dismissed.

HART, C. J., not participating.