COMMERCIAL INVESTMENT TRUST *v.* FORMAN.

Opinion delivered December 17, 1928.

696

*Saxon, Wade & Warren,* for appellant.

SMITH, J. Appellee, Forman, bought from O'Connor an automobile, and the sale was evidenced by a note and contract, which provided that the title to the car should not pass to the purchaser until the full purchase price had been paid in cash, and that the balance of $771 due as purchase money should be paid in monthly installments of $64.25 each, and that, upon default in payment of any installment when due, the full amount, at the option of the seller, should immediately become due and payable, and that the seller might repossess the property without demand, and sell the same at public or private sale, with or without notice to the purchaser, and that the assignee of the contract should have all the rights of the seller. O'Connor sold the note and contract to the appellant, Commercial Investment Trust. Forman made default in a payment, and, refusing to surrender the car, this, a suit in replevin, was brought to recover its possession under the contract of sale.

Forman filed an answer, in which he alleged that the purchase price of the car was $1,271, on which he had made certain payments, and that he owed a balance of $449.75. He alleged that the car was then worth much more than the balance due on it, and that he was entitled in equity to have the balance due the plaintiff declared to be a lien, and to have the car sold to protect his equity. He alleged other set-offs, and prayed that the cause be transferred to the chancery court in order that he might have equitable relief. On appellee's motion the cause was transferred to equity.

Appellee gave a retaining bond, under which he retained possession of the car for sixteen months. He

then brought the car to O'Connor's garage, and left it there. The car could not then run under its own power, but was hauled in, and the highest estimate of its then or present value was $100.

The court found that a written contract evidenced the sale of the car, and that one of the conditions of the sale was that, upon default by the purchaser, the seller, or his assigns, had the right to take possession of the car and sell it, and that at the time of the institution of this suit there was a balance due on the contract, and that the plaintiff was entitled to the possession of the car, and was so entitled at the time of the institution of this suit, and that the car had been returned to O'Connor.

The court thereupon decreed "that the plaintiff is entitled to the possession of said automobile, and that he retain the possession of the same, to be dealt with according to the terms of said contract of sale," and this appeal is from that decree. The cross-complaint filed by defendant was dismissed as being without equity, and there is no appeal from that part of the decree.

The present litigation arises out of a contract very similar to and in some respects identical with the contract out of which the case of *Passwater-Chevrolet Co.* v. *Whitten, ante,* p. 136, arose. Whitten, the purchaser of the car in that case, made default in his payments, and voluntarily surrendered the car. The seller then resold the car, and, a few days later, Whitten tendered to the seller the balance due on the car and demanded its possession, and, when told that the car had been sold, Whitten brought replevin to recover its possession. Whitten contended that he had the right to maintain the replevin suit under § 8654a, C. & M. Digest, which reads as follows:

"In any action in a justice court or circuit court of this State, where it is attempted to foreclose any mortgage, deed of trust, or to replevy, under such mortgage, deed of trust or other instrument, any personal property, the defendant or defendants in said action shall have the right to prove or show any payment or payments or

set-off under such said mortgage, deed of trust or other instrument, and judgment shall be rendered for the property or the balance due thereon, and the defendant may pay the judgment for the balance due and costs within ten days, and satisfy the judgment and retain the property.''

In response to the contention of Whitten it was there said: ''Clearly this section (§ 8654a, C. & M. Digest) has no application to this controversy. The plaintiff in the court below was not attempting 'to foreclose any mortgage, deed of trust, or to replevy, under such mortgage, deed of trust or other instrument, any personal property.' He brought replevin, it is true, but not under 'any mortgage, deed of trust or other instrument.' He brought it on a complaint and affidavit alleging that he was the owner of the car and entitled to the immediate possession thereof under a conditional sales contract, which he admits he had breached, and had voluntarily surrendered the possession of the car to the rightful owner. Had he kept possession of the car and refused to surrender it to appellant company, and it had brought replevin, then this section would be applicable. ('Citing cases).''

In the instant case the purchaser did what Whitten did not do. He kept possession of the car, and refused to surrender it, and the replevin suit was brought against the purchaser, and not by him. Section 8654a, C. & M. Digest, is therefore applicable in the instant case.

The answer and cross-complaint of appellee, Forman, was clearly an election to claim the benefit of § 8654a, C. & M. Digest, by having the balance due on the car adjudged, with the privilege of paying that balance within ten days, or of receiving the excess over the debt upon the sale of the car under the judgment, and his bond in the replevin suit gave him the additional right to retain the car while the litigation progressed to its conclusion. Having made this election, appellee is bound by it. But for the retaining bond, the car would have been sold when its value exceeded the balance due on it.

Through the bond appellee retained the car until it was worn out, when he voluntarily abandoned it by hauling it into O'Connor's garage.

The case of *Trice* v. *People's Loan & Inv. Co.*, 173 Ark. 1160, 293 S. W. 1037, is applicable here, as it was there held (to quote a syllabus) that: "Where plaintiff, in a replevin action, obtained possession of property sold under a conditional sales contract on which defendant had defaulted, judgment, under Crawford & Moses' Digest, § 8654, should be rendered against defendant and bondsmen for the total amount due, to be credited with the amount received on sale of the property."

Appellant is therefore entitled to judgment against the sureties on the bond as well as against appellee himself for the balance due on the sales contract, against which the present value of the car should be credited. The testimony shows this value does not now exceed $100, and the judgment will be credited with that amount, unless appellee and the sureties on his bond shall, within ten days after the decree of this court becomes final, pay the entire balance due on the car, in which event they may retake possession of it.