LOVE *v.* HOFF.

Opinion delivered April 15, 1929.

*Sam T. Poe, Tom Poe* and *McDonald Poe,* for appellant.

*Boyd Cypert* and *Tom F. Digby,* for appellee.

SMITH, J. The present appeal is a continuation of the case of *Conlee* v. *Love,* 178 Ark. 238, 10 S. W. (2d) 372, and the facts out of which the litigation arose are sufficiently recited in the opinion on the former appeal to make repetition unnecessary.

Upon the remand of the cause, as directed in the former opinion, application was made to the clerk of the Pulaski Circuit Court for an execution on the judgment rendered against the plaintiff and his sureties on the delivery bond in the replevin suit, this being the suit brought by the Cox-Ellis Lumber Company to recover possession of the car upon which the sheriff had levied the execution which had issued against the property of Cox, the defendant in the original suit in Yell County, for debt. It was in this replevin suit that adjudication was made that the automobile was not the property of the Cox-Ellis Lumber Company, but was the property of Cox, the defendant in the original suit, and it was also adjudged in the replevin suit that the value of the car, which the replevin suit prevented the sheriff from selling under the execution in his hands, was $700. This

value was, of course, fixed as of the date when the automobile was taken out of the sheriff's hands.

The former appeal was from a judgment rendered in favor of Love, the original judgment creditor, for the amount of the depreciation in the value of the car during a period of about fourteen months, while the sheriff was deprived of its possession for the purpose of selling it. We reversed this judgment, and in so doing held that Love's only remedy was to enforce the judgment he already had in the replevin suit by execution, and not by bringing a second suit against the sureties on the delivery bond. This was upon the theory that Conlee, the surety, by signing the delivery bond made himself a party to that suit and liable for any judgment rendered in that case covering the car, the subject-matter of the replevin suit. That decision is the law of this case.

When the clerk of the circuit court refused to issue an execution for the collection of the judgment in the replevin suit, application for mandamus was made to the judge of the court to require the clerk to issue the execution. The petition for the writ of mandamus alleged the fact to be that Conlee had been called upon to perform the judgment in the replevin suit, and was advised that he could have the automobile by paying the judgment for its value in the replevin suit, but refused so to do. The prayer for the writ was denied, and this appeal is from that judgment.

Upon refusing to order the writ of mandamus, the judge filed an opinion, in which he gave as his reason for his order the fact that an execution had previously issued upon the judgment in the replevin suit, and that this execution had been returned by the sheriff as satisfied, the return of the sheriff being that, the car having come into his possession, he had levied thereon the alias execution which had issued out of the Yell Chancery Court, and had again advertised the car for sale under the authority of the alias execution. It was the theory of the learned circuit judge that, the possession of the car hav-

ing been delivered to the sheriff, the judgment in the replevin suit was satisfied, and a second execution could not issue on this replevin judgment.

It appears, however, from the allegations of the petition, that the execution under which the possession of the car was taken from the plaintiffs in the replevin suit was employed as a special writ to recover possession of the car, and, when so recovered, it was levied upon and sold under an alias general execution from the Yell Chancery Court. In his opinion the learned circuit judge recites that these facts were not before this court when the former opinion was handed down, but he was mistaken in this assumption; these facts were before us.

In view of the former opinion in this case, the prayer of the petition for mandamus should have been granted. *Trice* v. *People's Loan & Inv. Co.*, 173 Ark. 1160, 293 S. W. 1037.

It is true, of course, that in replevin the delivery of the property is the primary object of the action, and that the value thereof is to be recovered in lieu of it as an alternative only in case a delivery cannot be had of the specific property. *Trice* v. *People's Loan & Inv. Co.*, *supra*. But the purpose of the execution which issued in the replevin suit here was not to recover possession of this automobile for the owner, but to recover it for the purpose of selling it as the property of the original judgment debtor, who was adjudged to be the owner. After the sheriff had levied upon the automobile as the property of the original judgment debtor, it was wrongfully taken from his possession, as was later adjudged, under the order of delivery in the replevin suit, and the authority so to do was conferred by the delivery bond which Conlee executed. There could have been no recovery in that case for the usable value of the automobile, as the plaintiff in the execution had no right to the use of the property until after the sale, and then only in the event that he became the purchaser. It was so expressly decided in the case of *George* v. *Dardanelle Bank & Trust*

*Co.,* 155 Ark. 167, 244 S. W. 25. But the plaintiff in the execution was entitled to have restored an automobile of undepreciated value. In other words, the plaintiffs in the replevin suit had no right to use the automobile after obtaining possession of it under the order of delivery in that case, and, after destroying its value by using it, return a depreciated car in satisfaction of the judgment, which fixed its value as of the time when it was wrongfully taken under the order of delivery.

The judgment of the court below will be reversed, and the cause remanded, with directions to order the clerk to issue the execution after crediting the $100 for which the automobile was sold.