COMMERCIAL INVESTMENT TRUST *v.* MILES.

Opinion delivered February 24, 1930.

*Herbert V. Betts,* for appellant.

*Bert B. Larey,* for appellee.

HART, C. J. This is an appeal from the order of the circuit court quashing an execution, and making perpetual a temporary injunction which had theretofore been issued.

The facts decisive of the issue raised by the appeal may be briefly stated as follows: On May 28, 1926, Commercial Investment Trust instituted an action of replevin in the circuit court, against Godfrey B. Miles to recover the possession of an automobile. The action was based upon the right of the plaintiff to recover the possession of the car under a conditional sales contract which provided that the automobile should remain the property of the seller until it was paid for. The com-

plaint alleged default in the payment of the installment notes, and that there was due and unpaid on them the sum of $593.32. The prayer of the complaint was for judgment for the recovery of the automobile or its value in the sum of $593.32, and for $100 damages for the detention of the same.

Miles retained possession of the automobile under a bond given for that purpose on the 8th day of June, 1926, signed by himself and P. G. Sample and H. C. Bull as sureties. The body of the bond is as follows:

"We undertake and are bound to the plaintiff, Commercial Investment Trust, in the sum of six hundred and ninety-three 32/100 dollars, that the defendant, Godfrey B. Miles, shall perform the judgment of the court in the above entitled cause."

On the 9th day of November, 1926, there was a judgment by default in favor of the plaintiff against the defendant Miles and his sureties, P. G. Sample and H. C. Bull, for the sum of $593.32, with interest at six per cent. per annum. The judgment recites that the defendant has been duly served with summons, but makes default, and that the cause is submitted to the court upon the complaint, the original note and contract, and the bond of the defendant to retain the property, which is set forth in full together with a recitation, that it was executed by the defendant and his sureties, P. G. Sample and H. C. Bull. No appeal was taken from this judgment.

After the lapse of the term at which said default judgment was rendered, H. C. Bull and P. G. Sample presented to the court a petition to correct said default judgment so as to make it speak the truth, and this petition was heard in the circuit court on the 24th day of November, 1927, and the default judgment rendered on November 9, 1926, was corrected, so as to read as follows:

"It is ordered and adjudged by this court that the Commercial Investment Trust shall have judgment against the defendant, Godfrey B. Miles, for the prop-

erty in controversy of the value of $593.32 inclusive of 6 per cent. interest from October 21, 1926. Damages waived.''

Subsequently, the plaintiff caused an execution to issue on its judgment, and defendant moved to quash the execution. Plaintiff showed by competent evidence that the defendant, Miles, had held the possession of the car under the retaining bond, and that by continual use since the institution of the replevin suit the car had greatly deteriorated in value, and was now practically worthless.

Under this state of facts, we are of the opinion that the court erred in quashing the execution. Conceding that the docket entry correctly shows the judgment rendered by the court in the first instance, it simply means that the court rendered judgment for the plaintiff for the automobile or its value when sued for in the sum of $593.32. The word ''of'' is clearly a misprision and was intended for ''or.'' That ''of'' was used in the sense of ''or'' is evident from the record proper considered together. The prayer of the complaint was for judgment for the automobile or its value. There was a default judgment which recited that the cause was submitted upon the complaint, the original note and contract, and the bond to retain the property. From the original note and contract, the court found that there was due and unpaid the sum of $593.32 on the purchase price at the date of the institution of the replevin suit. The rule is that in actions to recover personal property or its value, sold under a conditonal bill of sale, the proper measure of its value to the plaintiff is the balance due on the contract price in the absence of proof to the contrary. *Winton Motor Carriage Co.* v. *Blomberg,* 84 Wash. 451, 147 Pac. 21.

If the court merely meant to render judgment for the car, there would have been no use in finding its value. The view we have adopted and the conclusions reached by us bring the case squarely within the principles an-

nounced in *Commercial Investment Trust* v. *Forman,* 178 Ark. 695, 10 S. W. (2d) 897, where it was held that in cases like this, the seller or holder of the installment notes in a conditional sales contract was entitled to judgment against the sureties on the retaining bond as well as against the buyer for the balance due on the sales contract, against which the present value of the car should be credited. In that case it was held that where the buyer, in an action of replevin to recover an automobile sold with reservation of title, gave bond and retained possession of the car until it was worn out and then returned it to plaintiff, the latter was entitled to judgment against defendant and the sureties on his bond for the balance due under the sales contract, against which the present value of the car should be credited.

But for the retaining bond, the car would have been returned to the seller when the suit was brought, at which time value as found by the court was equal to the balance due on it. By virtue of the execution of the retaining bond, the buyer was enabled to keep the car until it was worn out, and he cannot now satisfy the judgment by returning a worthless car. The court in its judgment in the replevin suit fixed the value of the car as it was at the time the plaintiff was entitled to recover possession of it, which was at the commencement of the suit; and the defendant could not keep and use the car until it had become worthless, and then return it in satisfaction of the judgment.

This principle was also recognized in *Love* v. *Hoff,* 179 Ark. 381, 16 S. W. (2d) 12, and applied in a case where the plaintiff in the replevin suit had kept possession of an automobile and had used it until it had become worn out. The court said the plaintiff in execution was entitled to have restored an automobile of undepreciated value, and that the plaintiff in the replevin suit could not satisfy a judgment against himself by returning a depreciated car in satisfaction of the judgment.

Therefore, the judgment of the circuit court will be reversed, and the cause remanded with directions to order the clerk to issue an execution for the sum of $593.32 with the accrued interest, and for further proceedings according to law.