McCarty *v.* Cook.

4-3472.

Opinion delivered May 21, 1934.

*C. V. Holloway*, for appellants.
*Price Shofner*, for appellee.

McHANEY, J. Appellee sued appellants, McCarty and wife, in replevin, for the recovery of an automobile or its value which was laid at $250, in the justice of the peace court, on May 25, 1931. Proper affidavit and bond were filed to obtain immediate possession of the automobile. Retaining bond was filed in apt time with the other appellants as sureties. On June 15, 1931, on motion of appellants, the case was removed to the common pleas court, where, on December 21, 1931, judgment was rendered in favor of appellee for the possession of the car or its value in the sum of $154.13. The car was delivered to appellee December 29, 1931, in a practically worthless condition, and same was sold by appellee to J. M. McKinny, a used car and junk dealer for $20, the best price he could get, which amount was credited on the judgment. This sale was not advertised, nor was McCarty notified thereof. There is no dispute regarding the condition of the car or its value when delivered to appellee who refused to accept delivery in that condition in settlement of the judgment. On June 19, 1933, appellants filed a motion in the court of common pleas to require appellee to satisfy the judgment, which motion was granted and an appeal taken to the circuit court where judgment was entered reversing the lower court and reinstating the execution issued on the judgment, and appellants bring the case here for review.

The question is: Can appellant McCarty wrongfully retain possession of the property pending decision as to title, so use it during such time as to practically destroy its value, then satisfy the judgment against him for the property or its value by delivering the property in its damaged condition? We have answered this question in the negative many times in recent cases. *Conlee* v. *Love,* 178 Ark. 238, 10 S. W. (2d) 372; *Commercial Investment Trust* v. *Forman,* 178 Ark. 695, 10 S. W. (2d) 897; *Love* v. *Hoff,* 179 Ark. 381, 16 S. W. (2d) 12; *Commercial Investment Trust* v. *Miles,* 181 Ark. 77, 25 S. W. (2d) 3. The rule is thus stated in the case last cited: "The view we have adopted and the conclusions reached by us bring the case squarely within the principles announced in *Commercial Investment Trust* v. *Forman,* 178 Ark. 695, 10 S. W. (2d) 897, where it was held that, in cases like this, the seller or holder of the installment notes in a conditional sales contract was entitled to judgment against the sureties on the retaining bond as well as against the buyer for the balance due on the sales contract, against which the present value of the car should be credited. In that case it was held that where the buyer, in an action of replevin to recover an automobile sold with reservation of title, gave bond and retained possession of the car until it was worn out and then returned it to plaintiff the latter was entitled to judgment against defendant and the sureties on his bond for the balance due under the sales contract, against which the present value of the car should be credited.

"But for the retaining bond, the car would have been returned to the seller when the suit was brought, at which time value as found by the court was equal to the balance due on it. By virtue of the execution of the retaining bond, the buyer was enabled to keep the car until it was worn out, and he cannot now satisfy the judgment by returning a worthless car. The court in its judgment in the replevin suit fixed the value of the car as it was at the time the plaintiff was entitled to recover possession of it, which was at the commencement of the suit; and the defendant could not keep and use the car

until it had become worthless, and then return it in satisfaction of the judgment.

"This principle was also recognized in *Love* v. *Hoff*, 179 Ark. 381, 16 S. W. (2d) 12, and applied in a case where the plaintiff in the replevin suit had kept possession of an automobile and had used it until it had become worn out. The court said the plaintiff in execution was entitled to have restored an automobile of undepreciated value, and that the plaintiff in the replevin suit could not satisfy a judgment against himself by returning a depreciated car in satisfaction of the judgment."

The value of the car as fixed in the judgment referred to the value at the time suit was brought, and no doubt represented the balance due under a conditional sales contract, and this amount is the proper measure of its value in the absence of proof to the contrary. *Commercial Investment Trust* v. *Miles, supra.* Therefore the value of the car as fixed by the common pleas court referred to its value at the beginning of the action and not seven months later when the case was tried.

We think the testimony in the circuit court as to the value of the car at date of delivery to appellee was proper, and that the proceeding in the circuit court was not a collateral attack on the judgment of the common pleas court as contended by appellants. It was a direct attack by appeal on the order of the common pleas court directing the satisfaction of the original judgment entered in December, 1931. No attack is made on the original judgment.

No error appearing in the record, the judgment of the circuit court is affirmed.