LOWREY *v.* GENERAL CONTRACT CORP.

5-1344                                      309 S. W. 2d 736

Opinion delivered February 10, 1958.

*Q. Byrum Hurst* and *C. A. Stanfield,* for appellant.

*Cockrill, Limerick* and *Laser,* for appellee.

GEORGE ROSE SMITH, J.   This is a suit by General Contract Corporation to enforce a conditional sales contract by which its assignor and coappellee, Prince Cook Motors, Inc., sold a car to the appellant, Ellon Lowrey. Mrs. Lowrey at first attacked the contract as usurious and later asserted that the plaintiff, by repossessing and selling the car while the case was pending, had elected to cancel the indebtedness.   The chancellor rejected both defenses and awarded the plaintiff a judgment for the amount due upon the contract, less the proceeds from the sale of the vehicle and less the interest that had not accrued when the plaintiff declared the entire debt immediately due.

On the issue of usury the appellant contends that as a condition to the sale she was compelled to purchase credit life insurance and personal accident insurance. Her testimony to this effect is denied by the dealer's salesman, and Mrs. Lowrey admits that she signed what purports to be a voluntary election to take the insurance.   Thus the weight of the evidence is not contrary to the chancellor's finding that the contract was valid. *Universal C. I. T. Credit Corp.* v. *Lackey,* 228 Ark. 101, 305 S. W. 2d 858.

With respect to the matter of repossession the facts are these: General Contract Corporation, soon after the sale, deemed itself insecure and asserted the right to accelerate the maturity of the debt, which was originally payable in monthly installments.   An action at law to recover possession of the car was filed by the creditor in July, 1955.   The plaintiff executed an affidavit and bond to obtain possession, but the defendant retained possession by filing a cross bond.   By answer and cross-complaint Mrs. Lowrey brought Prince Cook Motors into the case and asked, among other things, that the agree-

ment be cancelled for usury. The answer stated, however, that pending the determination of the case the defendant would pay the monthly installments into the registry of the court.

In August the case was transferred to equity. Mrs. Lowrey deposited her payments in court for nine months, but she became delinquent in May, 1956. In July of that year the plaintiff sent its agents to Mrs. Lowrey's home to recover the car, which she voluntarily surrendered. A month later the car was sold by the plaintiff, through Prince Cook Motors, for $1,795. The chancellor, as we have indicated, applied this sum on the debt, made up the deficiency from the money in the registry of the court, and directed that the surplus be returned to Mrs. Lowrey.

The appellant, citing *Noble Gill Pontiac, Inc.* v. *Bassett,* 227 Ark. 211, 297 S. W. 2d 658, insists that the seller cannot maintain an action in replevin for the car and at the same time obtain what amounts to a deficiency judgment for the net loss. Ordinarily this is true, but the rule is different when the purchaser retains possession of the property by filing a cross bond. In this situation it is settled that the defendant cannot hold the chattel while it depreciates in value and then obtain a cancellation of the debt by eventually surrendering the property. *Commercial Inv. Tr.* v. *Forman,* 178 Ark. 695, 10 S. W. 2d 897; *McCarty* v. *Cook,* 189 Ark. 309, 71 S. W. 2d 1053. In the case at bar the trial court correctly applied our decisions on this point.

Affirmed.